## BARRETT *v.* FAILING & Wife.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF OREGON.

Argued April 16th, 17th, 1884.—Decided May 5th, 1884.

*Conflict of Law—Dower—Divorce.*

A divorce from the bond of matrimony bars the wife's right of dower, unless preserved by the *lex rei sitæ.*

Under § 495 of the Oregon Code of Civil Procedure, as amended by the statute of December 20th, 1865, providing that whenever a marriage shall be declared void or dissolved the party at whose prayer the decree shall be made shall be entitled to an undivided third part in fee of the real property owned by the other party at the time of the decree, in addition to a decree for maintenance under § 497, and that it shall be the duty of the court to enter a decree accordingly, a wife obtaining a decree of divorce in a court of another State, having jurisdiction of the cause and of the parties, acquires no title in the husband's land in Oregon.

This is a bill in equity, filed in the Circuit Court of the United States for the District of Oregon, by Mary E. Barrett, a citizen and resident of the State of California, against Charles D. Failing and Xarifa J. Failing, his wife, citizens and residents of the State of Oregon.

The bill alleged that on September 25th, 1866, the plaintiff was, and for more than two years theretofore had been, the wife of Charles Barrett, and was a citizen and resident of the State of California; that on that day she commenced a suit for divorce against him, for his misconduct, in a District Court of the State of California for the Fifteenth Judicial District, that court having jurisdiction thereof, and being authorized to grant divorces according to and by virtue of the laws of that State; that he was duly served with process and appeared and made defence; and that on April 18th, 1870, the plaintiff being still a citizen of that State, that court rendered a decree in her favor, dissolving the bond of matrimony between him and her.

The bill further alleged that at the time of the commencement of that suit Charles Barrett was not the owner of any real estate in the State of California, but was the owner in fee

simple of certain land (particularly described), in Portland, in the State of Oregon; that on February 4th, 1868, he fraudulently conveyed this land to his daughter, the female defendant, without consideration, and with intent to defraud the plaintiff of her just rights in it, and for the purpose of preventing her from asserting her claim thereto or interest therein; that at the time of the commencement of the suit for divorce the plaintiff did not know that he was the owner of this land; that he died in Oregon in July, 1870; and that by the laws of the State of Oregon, and under and by virtue of the decree of divorce, the plaintiff became and was entitled to one-third of this land.

The bill prayed for a decree that the plaintiff was the owner in fee simple of one-third of this land and that the defendants held it in trust for her, and for a conveyance, a partition, an account of rents and profits, and further relief.

The defendants filed a general demurrer to the bill, which was sustained by the Circuit Court, and the bill dismissed. See 6 Sawyer, 473. The plaintiff appealed to this court.

*Mr. W. W. Chapman*, *Mr. W. S. Beebee*, and *Mr. Sidney Dell* submitted for appellant on their brief.

*Mr. J. N. Dolph* for appellees.

MR. JUSTICE GRAY delivered the opinion of the court. He stated the facts in the foregoing language, and continued:

It is not doubted that the decree of divorce from the bond of matrimony, obtained by the plaintiff in California, in a court having jurisdiction to grant it, and after the husband had appeared and made defence, bound both parties and determined their status. The question considered by the court below and argued in this court is whether, by virtue of that decree, and under the law of Oregon, the wife is entitled to one third of the husband's land in Oregon.

Unless otherwise provided by local law, a decree of divorce by a court having jurisdiction of the cause and of the parties, dissolving the bond of matrimony, puts an end to all obligations of either party to the other, and to any right which either has

acquired by the marriage in the other's property, except so far as the court granting the divorce, in the exercise of an authority vested in it by the legislature, orders property to be transferred or alimony to be paid by one party to the other. In estimating and awarding the amount of alimony or property to be so paid or transferred, the court of divorce takes into consideration all the circumstances of the case, including the property and means of support of either party ; and the order operates *in personam*, by compelling the defendant to pay the alimony or to convey the property accordingly, and does not of itself transfer any title in real estate, unless allowed that effect by the law of the place in which the real estate is situated.

Accordingly, it has been generally held that a valid divorce from the bond of matrimony, for the fault of either party, cuts off the wife's right of dower, and the husband's tenancy by the curtesy, unless expressly or impliedly preserved by statute. *Barber* v. *Root*, 10 Mass. 260 ; *Hood* v. *Hood*, 110 Mass. 463 ; *Rice* v. *Lumley*, 10 Ohio St. 596 ; *Lamkin* v. *Knapp*, 20 Ohio St. 454 ; *Gould* v. *Crow*, 57 Missouri, 200 ; 4 Kent Com. 54 ; 2 Bishop Marriage & Divorce (6th ed.), §§ 706, 712, and cases cited. In each of the Massachusetts cases just referred to, the divorce was obtained in another State. The ground of the decision of the Court of Appeals of New York in *Wait* v. *Wait*, 4 N. Y. 95, by which a wife was held not to be deprived of her right of dower in her husband's real estate by a divorce from the bond of matrimony for his fault, was, that the legislature of New York, by expressly enacting that " in case of divorce dissolving the marriage contract for the misconduct of the wife, she shall not be endowed," had manifested an intention that she should retain her right of dower in case of a divorce for the misconduct of the husband. See also *Reynolds* v. *Reynolds*, 24 Wend. 193. The decisions of the Supreme Court of Pennsylvania in *Colvin* v. *Reed*, 55 Penn. St. 375, and in *Reel* v. *Elder*, 62 Penn. St. 308, holding that a wife was not barred of her dower in land in Pennsylvania by a divorce obtained by her husband in another State, proceeded upon the ground that, in the view of that court, the court which granted the divorce

had no jurisdiction over the wife. And see *Cheely* v. *Clayton*, 110 U. S. 701.

Whether a statute of one State, securing or denying the right of dower in case of divorce, extends to a divorce in a court of another State, having jurisdiction of the cause and of the parties, depends very much upon the terms of the statute, and upon its interpretation by the courts of the State by the legislature of which it is passed, and in which the land is situated. In *Mansfield* v. *McIntyre*, 10 Ohio, 27, it was held that a statute of Ohio, which provided that in case of divorce for the fault of the wife she should be barred of her dower, was inapplicable to a divorce obtained by the husband in another State; and the wife was allowed to recover dower, upon grounds hardly to be reconciled with the later cases in Ohio and elsewhere, as shown by the authorities before referred to. In *Harding* v. *Alden*, 9 Greenl. 140, a wife who had obtained a divorce in another State recovered dower in Maine under a statute which, upon divorce for adultery of the husband, directed " her dower to be assigned to her in the lands of her husband in the same manner as if such husband was actually dead ; " but the point was not argued, and in the case stated by the parties it was conceded that the demandant was entitled to judgment if she had been legally divorced. The statute of Missouri, which was said in *Gould* v. *Crow*, 57 Missouri, 205, to extend to divorces obtained in another State, was expressed in very general terms : " If any woman be divorced from her husband for the fault or misconduct of such husband, she shall not thereby lose her dower ; but if the husband be divorced from the wife, for her fault or misconduct, she shall not be endowed."

The Oregon Code of Civil Procedure of 1862 contained the following section :

" SECT. 495. Whenever a marriage shall be declared void or dissolved, the real property of the husband or wife shall be discharged from any claim of the other to any estate therein, or right to the possession or profits thereof, except as in this section specially provided. If the marriage is declared dissolved on account of the adultery, or conviction of a felony, of either party,

the adverse party shall be entitled as tenant in dower or by the curtesy, as the case may be, in the real property of the other, the same as if the party convicted of felony or committing the adultery were dead."

But by the statute of Oregon of December 20th, 1865, § 11, that section was repealed, and the following enacted in place thereof:

"SECT. 495. Whenever a marriage shall be declared void or dissolved, the party at whose prayer such decree shall be made shall in all cases be entitled to the one undivided one-third part in his or her individual right, in fee, of the whole of the real estate owned by the other at the time of such decree, in addition to the further decree for maintenance provided for in section 497 of this act ; and it shall be the duty of the court in all such cases to enter a decree in accordance with this provision."

By section 497, thus referred to, the court, upon declaring a marriage void or dissolved, has power to further decree "for the recovery of the party in fault such an amount of money, in gross or in instalments, as may be just and proper for such party to contribute to the maintenance of the other ;" and "for the delivery to the wife, when she is not the party in fault, of her personal property in the possession or control of the husband at the time of giving the decree ;" as well as for the future care and custody, nurture and education of the minor children of the marriage, and for the appointment of trustees to collect, receive, expend, manage or invest any sum of money decreed for the maintenance of the wife, or for the nurture and education of minor children committed to her care and custody.

The changes in the provisions of section 495 are significant. The section in its amended form substitutes, for the former provision that the innocent party, in the case of a divorce for adultery, or for conviction of felony, should be entitled as tenant in dower or by the curtesy in the real property of the guilty party as if the latter were dead, a provision that the party at whose prayer the decree is made shall in all cases be entitled

to an estate in fee in one-third of the real property owned by the other party at the time of the decree; it declares that this shall be " in addition to the further decree for maintenance provided for in section 497;" and it further provides that " it shall be the duty of the court in all such cases to enter a decree in accordance with this provision."·

Considering that this enactment is contained in a code of· civil procedure, and not in a statute regulating and defining titles in real estate; that the right conferred is a new title in fee, acquired only by virtue of this statute, and distinct from a tenancy in dower or curtesy, as at common law or under the former statute, which was only for life; that it is declared to be in addition to maintenance or alimony to be awarded by the court granting the divorce; and that it is made the duty of that court to enter a decree in accordance with this provision; we are clearly of opinion that the statute is limited, in intention and effect, to divorces granted by the courts of Oregon, which are the only courts within the control of the legislature which passed the statute.

· To extend the provisions of this statute to the case of a divorce obtained in another State would be inconsistent with a series of decisions of the Supreme Court of Oregon, by which it has been held that, even where the wife obtains a decree of divorce in that State, the title in fee in one-third of the husband's real property, which the statute declares she shall have and that the court shall decree to her, cannot vest in her without a provision to that effect in the decree of divorce, with this single exception, that if the husband has made a fraudulent conveyance of his real estate with intent to defeat the right of his wife therein, and she does not know of his title, or of the fraud, until after the decree of divorce, she may assert her right by a bill in equity, which, although required by other provisions of the Code to be in the form of an original suit, brought in the county where the land lies, is in the nature of a bill of review for newly discovered evidence. *Bamford* v. *Bamford*, 4 Oregon, 30; *Wetmore* v. *Wetmore*, 5 Oregon, 469; *Hall* v. *Hall*, 9 Oregon, 452; *Weiss* v. *Bethel*, 8 Oregon, 522; Oregon Code of Civil Procedure, §§ 376, 377, 383.

The other cases cited in behalf of the appellant are quite unlike the case at bar.

In *Barrett* v. *Barrett*, 5 Oregon, 411, the suit was not to assert a title in real estate, but to enforce, out of the land fraudulently conveyed by the husband to his daughter, payment of the alimony awarded to this appellant by the California decree of divorce, which was held, in accordance with the decisions of other courts, to be so far in the nature of a debt, that the wife might sue the husband for it in another State, and might contest the validity of a conveyance of property made by him with the fraudulent intent of preventing her from recovering the alimony. *Barber* v. *Barber*, 21 How. 582; *Livermore* v. *Boutelle*, 11 Gray, 217; *Bouslough* v. *Bouslough*, 68 Penn. St. 495.

In *De Godey* v. *De Godey*, 39 California, 157, and in *Whetstone* v. *Coffey*, 48 Texas, 269, the point decided was that land acquired by the husband or the wife during the marriage, the title in which by the local law vested in neither separately, but in both in common, continued to belong to both after the divorce, and that a division thereof between them, if not made by the decree of divorce, might be obtained by a subsequent suit for partition in the State in which the divorce was granted and the land was situated.

*Judgment affirmed.*