Mary B. Van Cleaf, Appellant, *v.* Catharine Burns,
Impleaded, etc., Respondent.

The "misconduct" which under the Revised Statutes (1 R. S. 741, § 8) deprives a wife, divorced because thereof, of her right of dower, is only that kind of misconduct which under our laws is a ground for divorce, *i. e.*, adultery.

The effect which a judgment of divorce, granted in another state, has upon the lands of the husband in this state is to be determined, not by its laws, but by the laws of this state.

Where, therefore, a husband obtained a decree of divorce in another state on the ground of his wife's abandonment of him, *held*, that the wife was not thereby deprived of her then existing dower rights in the lands of her husband in this state, although the effect of the decree under the statutes of the state where it was rendered, was to deprive her of dower. *Van Cleaf* v. *Burns* (62 Hun, 250), reversed.

(Argued March 21, 1892; decided April 12, 1892.)

Appeal from judgment of the General Term of the Supreme Court in the second judicial department entered upon an order made December 14, 1891, which reversed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term and granted a new trial.

This action was brought by plaintiff to recover dower in certain lands situate in the city of Brooklyn, of which one David Van Cleaf, deceased, was seized while he was her husband.

Said David Van Cleaf obtained a divorce from plaintiff in the state of Illinois upon the ground of her abandonment by him.

The following is the opinion in full :

"This case has already been in this court in the second division, and is reported in 118 N. Y. 549. It did not then

appear what effect the Illinois divorce had in that state upon the dower of the divorced wife.

"It was held that, in the absence of evidence upon that question, the decree of the Illinois court dissolving the marriage for a crime other than adultery of the wife, would not deprive the wife of her then existing dower rights in the lands in this state. As to whether a different result would be reached in case it appeared that the Illinois statute deprived the wife of dower, even where the divorce was for a cause other than adultery, the court made no decision and intimated no opinion. The case went back for a new trial, and upon such trial evidence was given that, by the Illinois statute, the effect of the divorce in that state was to deprive the wife of dower, and any estate granted by the laws of that state in the real or personal estate of the husband, even where the divorce was granted, as in this case, for a cause other than the adultery of the wife, to wit., her abandonment of the husband.

"As this is a fact which did not appear on the former appeal, we are asked to regard the whole question as *res nova*, and to come to a decision irrespective of the former opinion as to the true meaning of the word 'misconduct' as used in the 8th section of our statute relating to divorce, which is as follows : 'In case of divorce, dissolving the marriage contract, for the *misconduct* of the wife, she shall not be endowed.' (1 R. S. 741, § 8.)

"The claim of the counsel we regard as inadmissible.

"We are bound by the authority of the former decision to hold that the word 'misconduct' relates to that kind of misconduct only which our laws recognize as sufficient to authorize a divorce, viz., adultery.

"The sole question open for us to determine is whether the fact that, by the statute of Illinois, a wife who has been divorced from her husband by the judgment of an Illinois court on the ground of her abandonment of her husband, and who thereby forfeits her right to dower in the lands of her husband within that state, also and for that reason forfeits her existing right to dower in the lands of her husband within this state. Evidence as to the effect of the Illinois divorce upon the defendant's right to dower in lands in that state has

no tendency to throw light upon the meaning of the word 'misconduct' as used in our statute. We have determined that it refers only to misconduct such as we recognize as sufficient to authorize a divorce in our own state. We must still give the same meaning to that word that we have done prior to the introduction of such evidence.

"If the defendant in the Illinois divorce is to be deprived of her existing right to dower in the lands of her husband in this state by reason of such foreign divorce, it must be, not by virtue of our statute, but by reason of the effect which such judgment must have under the constitutional guaranty that full faith and credit shall be given to the judgments of a sister state. (Constitution, art. 4, § 1.) Congress, in the course of carrying into effect the clause cited, passed an act on the 26th of May, 1790, chapter 11, and therein provided that 'the records and judicial proceedings, authenticated as aforesaid, shall have such faith and credit given to them in every court within the United States as they have by law or usage in the courts of the state from whence the said records are or shall be taken.' It was held in *Mills* v. *Duryee* (7 Cranch, 481), that if, in the court whence the judgment was taken, it had the faith and credit of evidence of the highest nature, viz., *record evidence*, it must have the same faith and credit in every other court. If the judgment of the state court were conclusive in the state where obtained, it must be conclusive evidence in every other state.

"In *Christmas* v. *Russell* (5 Wall. 290) it was held that the judgment of a state court, not reversed by a superior court having jurisdiction, nor set aside by a direct proceeding in chancery, is conclusive in the courts of all the other states when the subject-matter of controversy is the same.

"This judgment is, therefore, conclusive evidence in this state that the parties were divorced as therein stated, and for the cause therein set forth. The effect which such a divorce has upon the lands of the husband in the state of Illinois must be determined by the law of Illinois. The effect which it has upon the lands of the husband within this state must be determined by the laws of this state. The sovereignty of Illinois cannot extend beyond its territory, and the legislature of that

state has no power to enact what shall be the effect of a judgment of one of its own courts upon the real estate situated within another sovereignty. It has made no such attempt. As to this question, full faith and credit are given to the judgment of a court of a sister state when the same effect upon rights of property within the jurisdiction of that state is given to such a judgment as is given to it by the law of the state where rendered. The judgment is not open to any inquiry upon the merits. (*Green* v. *Van Bushkirk*, 5 Wall. 307.)

"Under what circumstances an interest in land within this state shall be allowed a wife by way of dower is a question of policy which the state alone has power to decide, and no judgment of a foreign tribunal in and of itself can in any wise affect that question. In truth, the learned counsel for the respondent substantially conceded that the case must be decided by reference to our own statute, and if that statute did not forfeit the wife's dower in such a case as this, no forfeiture could be founded upon the terms of the Illinois statute. Hence his very strong plea for a reopening of the question as to the meaning of our statute notwithstanding the decision in regard thereto by the other division.

"Having decided that the wife forfeits her dower only by misconduct of the nature already stated, that interpretation of our statute decides this case.

"The General Term having granted an extra territorial effect to the Illinois statute in opposition to our own, we must for that reason reverse its judgment and affirm that of the Special Term, with costs to plaintiff in all courts."

*John H. Kemble* for appellant.

*Josiah T. Marean* for respondent.

PECKHAM, J., reads for reversal.
All concur.
Judgment reversed.