Hatch v. Small.

RACHEL E. HATCH v. HESTER J. SMALL.

No. 11,370. (59 Pac. 262.)

1. TITLE AND OWNERSHIP —*Dower*. Before the death of the husband and while the right of dower is in the inchoate stage, it is subject to legislative control, and may be enlarged, diminished, altered, or abolished.

2. ———— *Conveyance without Wife's Consent — Dower Forfeited.* In 1863 C. conveyed a tract of land, but his wife did not join in the conveyance. The following year he obtained a divorce from her on account of her fault and misconduct. In 1897, long after dower had been abolished and while her husband was still living, the divorced wife claimed a dower interest in the land conveyed in 1893. *Held,* that under the statute and decree of divorce her right of dower was forfeited and lost, and that she had no inchoate or other interest in the land conveyed.

Error from Shawnee district court; Z. T. HAZEN, judge. Opinion filed December 9, 1899. Affirmed.

*E. D. McKeever, A. L. Redden,* and *Charles Curtis,* for plaintiff in error.

*C. A. Starbird,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J. : This proceeding is brought to review a judgment of the district court of Shawnee county

quieting the title of real estate in Hester J. Small as against the claim of Rachel E. Hatch. The facts on which the controversy arose, briefly stated, are as follows : In 1863, O. A. Curtis was the owner of the real estate in question and Rachel E. Hatch was then his wife. During that year and the subsistence of the marriage relation, Curtis conveyed the land to Joseph Middaugh, then the husband of Hester J. Small, and who previous to his death had devised the land to his wife. In the conveyance from Curtis to Middaugh his wife did not join, and she has never consented to or acquiesced it it. Afterward, in 1864, Curtis applied for and obtained a divorce from his wife Rachel for the reason that she had committed several acts of adultery. No alimony or property was awarded to her in that action, but, on the contrary, the court decreed that she " be forever barred of all right of dower in and to the estate of the plaintiff." Curtis was living when the present action was tried, and Rachel alleged and claimed that she had an inchoate interest in the real estate which would ripen and become absolute upon the death of Curtis. The trial court held, and we think correctly, that she had no inchoate or other interest in the land, and gave judgment accordingly.

Her contention is that she had a dower interest in the land before it was conveyed to Middaugh, in 1863, and not having transferred that interest it remains in her until this time, and will ultimately become consummate. The statute then in force provided that " every widow shall be endowed of the third part of all the lands whereof her husband, or any other person to his use, was seized of an estate of inheritance, at any time during the marriage, to which she shall not have relinquished her right of dower in the manner prescribed by law, to hold and enjoy during her

natural life." (Comp. Laws 1862, ch. 83, § 1.) In section 9 of the same act it was provided that "if the husband be divorced from the wife for her fault or misconduct she shall not be endowed." In 1868 a statute was enacted abolishing dower, and the right of the plaintiff in error to claim such interest was then extinguished. Even before that time her right to claim dower was effectually barred by the decree which dissolved the marriage relation on account of her fault and misconduct. The same act which conferred the right of dower expressly provided that it should be forfeited where the husband obtained a divorce by reason of her fault or misconduct. According to the facts before us, Rachel was duly summoned in the divorce proceeding, and appeared generally and submitted to the jurisdiction of the court, and on account of her fault and adultery the divorce was adjudged.

The judgment has never been reversed or set aside, but it is claimed that it cannot operate to bar dower, for the reason that the land was conveyed before the divorce was granted. The conveyance did not consummate the dower nor give her a vested interest in the land. The contingent interest which she had could only become consummate by the death of her husband, and long before the occurrence of that event she forfeited and lost her right of dower by her conduct and the decree of divorce ; and, besides, the right itself had been taken away by the legislature. Before the death of the husband and while the right of dower is in the inchoate stage it is subject to legislative control, and may be enlarged, diminished, altered, or abolished. (*Crane v. Fipps*, 29 Kan. 585 ; *Chapman v. Chapman*, 48 id. 636, 29 Pac. 1071 ; 10 A. & E. Encycl. of L., 2d ed., 145.) She was not invested with an estate before dower was abolished, and the

authorities cited clearly show that nothing could thereafter be claimed by her as dower.

Even if dower had not been abolished, she could not, after the decree of divorce, successfully claim an estate in any of the lands previously owned by Curtis. It is a general rule that "after a dissolution of the marriage by divorce the divorced wife is not entitled to dower in lands possessed by the former husband during coverture or at the time of his death, because such estate depends upon the existence of the marriage at the death of the husband, and is for widows and not divorced wives." ( 9 A. & E. Encycl. of L., 2d ed., 856.)    Unless the court granting the divorce, in exercise of authority conferred, makes a division of the property or awards alimony, the decree ends all matrimonial obligations and any right which either has acquired by the marriage in the other's property. In *Marvin v. Marvin*, 59 Iowa, 699, 13 N. W. 851, in speaking of a supposed case where there had been a divorce and the husband had again married, the inquiry was made as to who would be entitled to a share of the estate, and it was said :

"Of course it would be the last wife.    There can not be two surviving wives.    At common law 'no woman can have dower in her husband's lands unless the coverture were continuing at the time of his death.'    An absolute divorce 'puts an end to all rights resting upon the marriage and not actually vested.' ( Bish. Mar. & D. 661.    See, also, *Barrett v. Failing*, 111 U. S. 523, 4 Sup. Ct. 598, 28 L. Ed. 505 ; *Rice v. Lumley*, 10 Ohio St. 596.)

Certainly this must be true where there is a statute such as we had which expressly provided that the wife should not take any dower when the divorce is granted on account of her fault and misconduct.    Nor can she take any share under the law of descents and distri-

butions. Under that statute the share goes to the surviving wife, and no provision is made for a person who was a wife, but whose fault and misconduct required a dissolution of the bonds of matrimony. The provision made, as already stated, is for widows, and not for divorced wives.

The judgment is affirmed.