### CORA D. KESSINGER v. HENRY W. SCHRADER.
#### No. 15,608.   (98 Pac. 236.)

TITLE AND OWNERSHIP—*Husband and Wife—Descents and Distributions—Divorce.* Where a married man became the owner of a tract of land, which he sold and conveyed as a single man, and afterward his wife was awarded a divorce and alimony, she could not subsequently recover one-half the land from his grantee.

Error from Kiowa district court; GORDON L. FINLEY, judge. Opinion filed November 7, 1908. Affirmed.

*Howard J. Hodgson,* for plaintiff in error.

*J. W. Davis,* for defendant in error.

*Per Curiam:* Cora D. Kessinger and F. G. Kessinger were husband and wife. While living apart from his wife the husband became the owner of a tract of land, which he sold and conveyed as a single man. Afterward the wife obtained a divorce from the husband. The journal entry of judgment contains the following recitals:

"The said plaintiff and defendant submitted to the court their agreement in writing as to the allowance of alimony, and interests of plaintiff in the property and estate of the defendant, F. G. Kessinger, as wife and

heir at law of said F. G. Kessinger, and said agreement, having been examined by the court, is by the court approved in all particulars. . . . It is therefore by the court considered, ordered, adjudged and decreed that the settlement of permanent alimony in the sum of $1000, in full settlement of all claims of every kind and character in the nature of alimony which the plaintiff may have against the defendant, F. G. Kessinger, and as his heir at law, is sufficient, and the same is approved. . . . It is by the court further ordered, considered and decreed that the marital relations existing between plaintiff, Cora D. Kessinger, and defendant, F. G. Kessinger, be vacated, set aside, annulled and held for naught, and that the plaintiff recover a judgment and decree of divorce herein against the defendant, F. G. Kessinger."

Cora D. Kessinger then sued the grantee in the conveyance referred to, claiming to be "the absolute owner in fee simple of an undivided one-half interest in said real estate as her inchoate interest therein." The petition charged that the conveyance was made for the purpose of cheating and defrauding the plaintiff, and to defeat any judgment for alimony which she might recover, and asked for such a judgment as would protect the rights claimed. No fraud was imputed to the defendant in this action. The court sustained a demurrer to the petition, and rendered judgment against the plaintiff for costs.

The technical defect in the plaintiff's case consists in the fact that she presents no prospect of ever becoming her former husband's surviving wife. The statute of descents and distributions only provides for wives who survive husbands dying while the marriage relation exists. The reasoning in *Hatch v. Small,* 61 Kan. 242, 59 Pac. 262, is conclusive against the plaintiff, although proceeding upon a more involved state of facts.

If the plaintiff was defrauded in the matter of her assignment of alimony in the divorce case her remedy would be to attack that judgment, and not the defendant.

The judgment of the district court is affirmed.