(79 South. 354)

McLAUGHLIN v. McLAUGHLIN.
(6 Div. 726.)

(Supreme Court of Alabama.  June 20, 1918.)

1. DIVORCE ⬤⟳326—FOREIGN DECREE.
   A foreign divorce is presumptively legal and binding on the parties thereto.

2. DOWER ⬤⟳52—BAR—DIVORCE.
   A wife divorced a vinculo cannot under any circumstances claim dower after death of her husband; such right being expressly excluded by Code 1907, § 3816.

3. DOWER ⬤⟳2 — BAR — FOREIGN DIVORCE — WHAT LAW GOVERNS.
   A foreign divorce from the bonds of matrimony bars the wife's dower, unless preserved by the lex rei sitæ.

Appeal from Circuit Court, Jefferson County;  Hugh A. Locke, Judge.

Bill by Mrs. Clara McLaughlin against Lizzie M. McLaughlin.  From a decree for defendant, complainant appeals.  Affirmed.

W. H. Anderson, of Birmingham, for appellant.  Frank S. White & Sons, of Birmingham, for appellee.

ANDERSON, C. J.  This bill is filed by the complainant, a former wife, to enforce dower against the lands of her late husband now deceased.  The bill sets out a decree granting the complainant a divorce by the Illinois court, a state in which she was then and is now a resident, and seeks to subject to her claim of dower lands owned by her said husband situated in Alabama which was the residence of said decedent.

[1] The validity of the divorce is not questioned by the complainant, and presumptively it will be regarded as legal and binding on the parties thereto.  Thompson v. Thompson, 91 Ala. 591, 8 South. 419, 11 L. R. A. 443;  Thompson v. State, 28 Ala. 20;  McFaddin v. McFaddin, 134 Ala. 337, 32 South. 719.  Therefore, according the decree the weight to which it is entitled, it operated to dissolve the bonds of matrimony between the parties long before the death of the husband.

[2] Section 3816 of the Code of 1907 says: "3816. A divorce from the bonds of matrimony bars the wife of her dower, and of any distributive share in the personal estate of her husband."

This statute is now much broader than it was when considered in the cases of Williams v. Hale, 71 Ala. 83, and Hinson v. Bush, 84 Ala. 368, 4 South. 410, wherein the former was overruled by the latter; the same having been changed as brought into the Code of 1896, so as to apply to all divorces from the bonds of matrimony regardless of the ground upon which they were obtained.  We therefore hold that a divorced wife a vinculo cannot under any circumstances claim dower at the death of her husband.  Chamboredon v. Fayet, 176 Ala. 211, 57 South. 845.

[3] The appellant contends, however, that the decree of the Illinois court should be

taken in its entirety, and that, as it expressly preserved the dower right of the appellant, this court should give full faith and credit to same by enforcing it in this state. Whether or not the preservation of this right was warranted by the laws of Illinois, we are not concerned, though conceding such to be the case, we think that portion of the decree has no such extraterritorial jurisdiction as would bind this court in extending or abrogating our statutes relative to dower or the transmission of real estate generally. A divorce from the bonds of matrimony bars the wife's dower, unless preserved by the lex rei sitæ. Barrett v. Failing, 111 U. S. 523, 4 Sup. Ct. 598, 28 L. Ed. 505. The Alabama statute not only does not preserve dower in such a case, but expressly excludes the right to take, and we must apply our own law in dealing with same. Van Cleaf v. Burns, 133 N. Y. 540, 30 N. E. 661, 15 L. R. A. 542, and note; 14 Cyc. 936; Proctor v. Proctor, 215 Ill. 275, 74 N. E. 145, 69 L. R. A. 673, 106 Am. St. Rep. 168, 2 Ann. Cas. 819; Fall v. Eastin, 215 U. S. 1, 30 Sup. Ct. 3, 54 L. Ed. 65, 23 L. R. A. (N. S.) 924, 17 Ann. Cas. 853, and note page 858.

The trial court did not err in sustaining the demurrer to the bill, and the decree is affirmed.

Affirmed.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.