(125 So. 611)

FRAZIER v. ESPALLA. (1 Div. 551.)

Supreme Court of Alabama. Dec. 19, 1929.

Rehearing Denied Jan. 23. 1930.

Thornton & Frazer, of Mobile, for appellant.

Pillans, Cowley & Gresham, of Mobile, for appellee.

THOMAS, J. The suit was in the nature of ejectment. The trial was by the court without a jury, and the judgment was for defendant.

Both parties derived title from the common source, Arthur Frazier. The chain of plaintiff's record title was the deed of James H. Wilson to Arthur Frazier and the decree confirming the register's report in suit for divorce and alimony, in which she was invested with the defendant Frazier's title to the lot occupied as their homestead. The dwelling thereon having been destroyed by fire, the husband collected the insurance and moved to another place. Defendant's title is evidenced by the deed from Wilson to Frazier, his mortgage (describing him as single) to Huet, the foreclosure thereof, and deed by auctioneer to Huet, and her deed to Joseph G. Espalla, the lessor to Ellar Abrams.

The evidence for plaintiff showed that she was the wife of Arthur Frazier, living upon the lot in question; that the husband by threat drove her from that home to that of her brother, and the husband thereafter abandoned that homestead. She offered the deed to the husband, the proceeding by her against him for divorce and alimony, the decree of date of November 14, 1922 in her (plaintiff's) favor, and that of confirmation of the register's report of date of February 20, 1923, divesting title to the lot out of respondent and investing the plaintiff with the same. Plaintiff's evidence further showed that the area was less than one acre, and its value at the time of its occupancy less than $2,000; that since said decree she had assessed the property for taxes and paid taxes thereon (one year excepted); that the dwelling was destroyed by fire during the husband's occupancy, and when she had been driven away by the husband; that no other dwelling remained thereon, and no improvements superadded; that she did not know where the husband lived on and after October 18, 1922; did not know of the existence of the mortgage, or the fact of its foreclosure; saw the fence that was thereafter erected by some one; that she then "put a sign up there," and had "seen no other sign upon the lot, except that placed" by her.

Defendant's evidence showed the loan by Huet on October 18, 1922, secured by mortgage of Arthur Frazier upon the vacant lot; that after default and foreclosure of the mortgage, and purchase by mortgagee, she took possession of such purchase, and sold to Espalla, the lessor, and that the land was listed and the taxes paid.

The only witness for appellant admitted the house on the mortgaged lot was burned in May, 1922; that she was then living with her brother, and had been so domiciled since September, 1921; that the property was vacant after the dwelling was burned. There is no proof of the filing of any notice in the probate office, as provided by law (section 7914, Code), as to removal from or leaving temporarily the homestead to prevent an abandonment thereof. Tharp v. Johnson, 219 Ala. 537, 122 So. 668.

█ It appears from these facts that the mortgage by Frazier to Huet was before the final decree in divorce, was upon the vacant lot, not actually occupied as a homestead, and that there had been no temporary removal therefrom, such as still preserved its character as a homestead. The exemption claimed by plaintiff is under section 7882, which provided exemption from levy and sale under execution or other process for the collection of debts, etc. The succeeding section declares no mortgage, deed, or other *conveyance of the homestead* by a married man shall be valid without the voluntary signature and assent of the wife. Section 7883, Code 1928.

It is not claimed that plaintiff ever assented to the mortgage, and she did not execute it. The fact remains that, when the property was mortgaged on October 18, 1922, it was not actually occupied as a homestead by the husband or the wife, and there was no preservation of the homestead rights. Her assent was not necessary to the validity of Frazier's mortgage to Huet. The right, nature, and character of a homestead of a wife are well understood. However, there must be an occupancy in fact to raise the right, delayed only by the time necessary to effect removal or to complete necessary repairs. Blum v. Carter, 63 Ala. 235, 240; Preiss v. Campbell, 59 Ala. 635. In Witherington & Co. v. Mason, 86 Ala. 349, 5 So. 679, 681, 11 Am. St. Rep. 41, it is declared of that right:

"The right and estate of homestead are in the husband, in whom the title to the property resides. Neither the Constitution nor the statute confer on the wife any right or estate in the homestead during his life, but a mere power to prevent its alienation. She may occupy and enjoy it with her husband by his permission, but he has the right to abandon it at pleasure."

█ The mortgage from Frazier to Huet, made on October 18, 1922, conveyed property

not a homestead, but a vacant lot. The only right or title which Pauline Frazier retained in and to said property, on account of not having joined in the mortgage, was an inchoate right of dower. It was proven by plaintiff that a decree of divorce a vinculo was entered on the 14th day of November, 1922. By operation of law this decree barred the wife's dower. Code, § 7431; McLaughlin v. McLaughlin, 202 Ala. 16, 79 So. 354. Four months after the mortgage was made, and three months after the decree of divorce, a decree was entered by the equity court, purporting to vest the title in and to lot 16, which is the property in litigation, in Pauline Frazier. The effect of this decree was to transfer to her all of the right, title, and interest which Arthur Frazier had *at that time;* that is to say, the decree of the equity court gave Pauline Frazier the property in litigation, *subject to the mortgage to Mrs. Huet.*

The Huet mortgage was foreclosed on August 11, 1924, and thereafter the property was conveyed by Mrs. Huet to the appellee, Joseph G. Espalla. No attempt was made by Pauline Frazier to redeem the property from the foreclosure sale. The statutory period for redemption has elapsed; plaintiff has no right, title, claim, or interest in and to said property. The learned trial judge properly gave judgment for appellee (defendant) in the court below.

The judgment of the trial court is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.