172 So. 282

## THOMAS v. THOMAS.
### 3 Div. 193.

Supreme Court of Alabama.
Jan. 21, 1937.

Guy Rice, of Prattville, for appellee.

Rushton, Crenshaw & Rushton, of Montgomery, for appellant.

GARDNER, Justice.

The appeal is by the wife from a decree granting the husband a divorce on the ground of voluntary abandonment, and denying her any permanent alimony.

The marriage has proved a failure. The parties have reached a rather advanced

stage in life, with two sons (one eighteen and the other twenty-one) as a result of the union.

We prefer to engage in no detailed discussion of the evidence, as it would but serve to place in bold relief this domestic unhappiness, and no useful purpose be subserved thereby. McEvoy. v. McEvoy, 214 Ala. 112, 113, 106 So. 602.

We think a case of voluntary abandonment has been established. Admittedly defendant has not been willing to submit to complainant's embrace in more than seven years. As to whether or not this alone suffices to establish a case of voluntary abandonment, the authorities are in conflict. 19 Corpus Juris, 59. But, in any event, unquestionably the withdrawal of marital intercourse is a fact to be considered with other circumstances of the case in determining the matter of legal desertion. 9 R.C.L. 369.

In the instant case, the denial of this marital right does not stand alone, and that question is not therefore here presented. It stands with other circumstances, such as leaving the home by the wife, and living where her boys are in school, first in Mississippi, and later in Massachusetts, remaining in the latter state five and one-half years before any return, and then only as a matter of her own convenience, and not in a sense as a wife or as a homemaker. Nor can we agree there was legal justification as found in Hardin v. Hardin, 17 Ala. 250, 52 Am.Dec. 170, and Spafford v. Spafford, 199 Ala. 300, 74 So. 354, L.R.A. 1917D, 773, cited by defendant.

We cannot agree that any insulting language said to have once been used, at some unknown time, by the husband while admittedly under the influence of drink, was the cause of her desertion.

The first abandonment was to Mississippi, and she gives her reasons, none of which have any reference to improper treatment on the husband's part. The prime reason appears to have been the use by the husband of some of her securities for speculation without her consent.

To sum up the whole matter, we are impressed that the wife had the greater ambition, and was greatly disappointed in the husband. She became disillusioned, lost confidence in and respect for the husband, and with it of course all feeling of affection. The home is unquestionably permanently dissolved.

Complainant's visit to Mississippi, we think, was in good faith to get defendant to return, and that his efforts met with a cold reception. While she would accept a place in his home, she would not accept the position of a wife. And this only to be near her boys for whom she has done so much, and whose welfare and happiness are uppermost in her thoughts.

But without further discussion, we restate our conclusion that a case of voluntary abandonment under our statutes and decisions has been established (Mayo v. Mayo, 199 Ala. 551, 74 So. 971; Brown v. Brown, 178 Ala. 121, 59 So. 48; Stone v. Stone, 206 Ala. 568, 90 So. 794), and the decree of divorce will be affirmed.

Upon the matter of permanent alimony for the wife, our present statute leaves much to the discretion of the trial court. See section 7418, as amended by Gen. Acts 1933 (Ex.Sess. p. 119), appearing in Michie's Code 1936, Cumulative Supplement to Code 1928. But this discretion is judicial and not arbitrary, and is here subject to review on appeal. Sharp v. Sharp, 230 Ala. 539, 161 So. 709.

By the decree rendered, the wife is forever cut off from any aid for support from the husband. True, she has an income from stocks and bonds averaging $48 per month, slightly better the year before. Upon marriage her estate was valuable, $75,000, but most of it is now gone, spent for the home, education and clothing for the boys, loaned to the husband, and some lost by his speculations.

The wife is now sixty-one years of age. She now pays $20 per month house rent, and there is no suggestion she should begin now to sell the principal of her estate that she may comfortably live. Prudence suggests she look to her declining years. During the economic depression it seems the husband's income from the practice of his profession (medicine) averaged $2,000 per year. True the boys are with him, but she still renders aid to them.

In his letter of October 19, 1934, complainant wrote defendant: "You have done a good part by the boys. * * * If I keep my health and can continue to improve with my practice will be glad to help you in case you need it." Freed by this decree, that help will evidently not be forthcoming.

Perhaps the affection of his wife might have been retained had complainant better conducted himself, and given co-operation to defendant in her ambitions for her fam-

ily. While we have concluded defendant did voluntarily abandon complainant, yet it was through a loss of respect and regard, a matter of feeling no doubt over which she had no real control. She has sacrificed her estate for the family, and should not be denied all relief by way of alimony. Though complainant has practically no estate, yet he has an earning capacity, which is proper to be considered. Adams v. Adams, 229 Ala. 588, 159 So. 80. Her income is small, and should be supplemented from his earnings, so long as he is able, and the amount stipulated will be subject to diminution or increase as circumstances may alter the situation. For the present, we are persuaded, complainant should pay the sum of $30 per month, payable on the first day of each month for so long as she lives or does not remarry, and subject to change if circumstances may in the future so indicate.

It results, therefore, that the decree of divorce is hereby affirmed, but in so far as the decree denies relief to defendant in her cross-bill for permanent alimony, it will be reversed and the cause remanded to the trial court, with directions that a decree be entered as to alimony in harmony with the views here expressed.

Affirmed in part, and in part reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.