61 So.2d 436

**WOOD v. WOOD.**

**I Div. 494.**

Supreme Court of Alabama.

Nov. 6, 1952.

Paul S. Jones, Grove Hill, for appellee.

Harry Seale, Mobile, for appellant.

BROWN, Justice.

This appeal is by the divorced wife of Percy Wood from a final decree of the Circuit Court of Clarke County, in Equity, modifying the decree granting the divorce, *a vinculo matrimonii,* on August 7, 1943, "on account of cruelty as alleged in the complaint and proven by complainant" and permitting the complainant to marry again after the expiration of sixty days from the date of the decree and confirming the agreement of the parties regarding alimony and the custody of Margaret Wood, the only child born of said marriage. The decree awarded the permanent custody of said child to her mother with permission for the father to visit the child at all reasonable times with the consent of the complainant, Mrs. Lola Mae Wood. The decree required the defendant Percy Wood to pay to the complainant, "Lola Mae Wood, the sum of $100.00 each month, beginning September 1, 1943, as alimony, and for the support of herself and the said child."

The petition in this case is in fact an original bill in which the wife is named and designated as "respondent" and she so answers. The bill is based on subsequently occurring facts showing a change in the condition and circumstances of the parties. It alleges in substance that since the decree of divorce, commencing on the 1st day of September, 1943, up to and including July, 1951, petitioner has paid to the respondent a total of $9,500 as alimony and in addition to such sum petitioner "has paid further and additional sums of money to respondent herein, the exact amount of which he has been unable to ascertain." That at this time and a long time prior thereto the respondent has earned a substantial amount of money each week which "this petitioner is informed and believes will average from $100.00 per week to $200.00 per week; that she is earning by her own efforts a salary that is equal to or greater than the salary of this petitioner and has been earning a substantial income for sometime; that respondent is in good health and it is reasonable to assume that she will continue to earn as much or more than this petitioner." That the child of the marriage, Margaret Wood, is now over eighteen years of age, married to one Robert E. McFall, who is financially able to support and maintain her and she is no longer dependent upon either petitioner or respondent for a livelihood. That since the rendition of the decree "granting unto this respondent a divorce and $100.00 per month as alimony and for the support and maintenance of the minor child of the parties to this cause, conditions have materially changed in that respondent is now more than self-sustaining and the minor child has married and is likewise self-sustaining."

The bill prays that upon a final hearing thereof the husband "be relieved of making any further payments in the future to respondent as alimony or for support and maintenance of their child."

In her answer the respondent, appellant here, admits the allegations of paragraphs 1, 2 and 3 of the bill relating to the original proceedings and the decree but further alleges that "many times since the rendition of the decree of divorce, respondent had great difficulty in procuring from petitioner the payments prescribed by said decree; often, the payments were from three weeks to a month late in reaching respondent," that petitioner fell behind with the payments and during the year 1950 the aggregate payments were only $1,100, the twelfth installment for 1950 never having been paid, that "on very rare occasions respondent has been able to persuade petitioner to make additional payments when the needs of the daughter were imperative and respondent was not able to meet them otherwise; * * *."

"Respondent denies that she has earned substantial amounts of money for any period of time;" she has never had earnings which "would average from $100.00 per week to $200.00 per week", but on the contrary "has attempted to supplement her income by her own earnings, but the condition of her health has been such that she has never been able to earn any appreciable amount of money. For more than a year, respondent has been a saleswoman for cosmetics, working entirely on a commis-

sion basis, with no fixed salary; during the year 1950, respondent was compelled to undergo an operation, the expense of which exceeded the aggregate amount of her net earnings from the sale of cosmetics; contrary to the advice of her physician and because of her inability to support herself and her daughter on the payments received from petitioner, respondent sought to resume her work as a saleswoman too quickly after her operation; and probably as the result thereof, respondent found it necessary to undergo a second operation during the early part of the year 1951; again, respondent's physician has informed respondent that it is essential that she refrain from working, but respondent finds it impossible to live on the payments which she receives from petitioner and pay the expenses resulting from her hospitalization and continued treatment by physician. Respondent's net earnings from the sale of cosmetics for the year 1950 aggregated slightly above $300.00; her medical and hospital expenses for the year 1950 aggregated in excess of $500.00. As will appear from the petition itself, petitioner brings this proceeding immediately after the marriage of the daughter; and while it is true that the daughter's marriage presumably relieves both petitioner and respondent of the burden of her maintenance and support, the marriage of the daughter imposes a considerable strain upon respondent, both physically and financially; petitioner did contribute the sum of $100.00 toward the purchase of the daughter's trousseau and wedding gown, but this sum was considerably less than half the expense involved. Respondent is now advised by her physician that if she is to have any hope of recovering her health it is essential that she cease her efforts to earn a livelihood and take a complete rest for a sufficient length of time to restore her health; respondent's physician imposes no fixed period for such rest, but tells respondent that it must continue for at least several months. Respondent's financial strain of recent months, resulting from her said operation and the marriage of the daughter has retarded her physical recovery * * *

"Respondent directs the attention of the court to the fact that the purchasing power of the dollar has shrunk to such extent since 1943 that $100.00 per month now is scarcely the equivalent of what half that sum would have been when the decree was rendered; respondent is informed and believes that petitioner's salary is approximately twice what it was when this decree was rendered. Until this respondent can be restored to health, and until she can find employment which will produce for her an income sufficient to provide for her maintenance, respondent respectfully alleges that the court should not modify or eliminate petitioner's contributions to the maintenance and support of respondent, under present conditions, respondent cannot support herself and she alleges that it is inequitable and unjust that petitioner be relieved at this time of his obligation under said decree.

"And now, having fully answered the petition, respondent prays that the petition be dismissed, that petitioner be required to resume his payments under the decree as rendered, and to reinstate his defaulted payments, and that the decree be left unchanged."

On final hearing, on testimony given in open court, the court relieved the husband of the duty of making further contributions to the respondent's support and maintenance, based on the following finding and conclusions of fact:

"* * * that immediately after the rendition of said decree the said Percy Wood commenced to make said payments and has made the same continuously up to the filing of this petition, except the Court finds from the evidence that he failed to make the payment for December, 1951, and that said delinquent payment should be made by the said Percy Wood.

"The Court further finds from the evidence that the said Percy Wood has faithfully complied with the Court's decree in said cause with the one exception above indicated and in addition thereto he has made other substantial contributions to the support and maintenance of his daughter, now married, Mrs. Margaret McFall; that even though the said petitioner could have shirked his duty by going into a

foreign jurisdiction, he has made payments aggregating approximately Ten Thousand Dollars ($10,000.00) under the order of this Court and the additional payments above indicated for which action said petitioner should be commended.

"The evidence is undisputed that Mrs. Margaret McFall, nee Margaret Wood, the daughter of the parties to this cause, is over eighteen (18) years of age, is now married, she has employment, her husband is employed and has a substantial income and she is in no way dependent upon her father or mother for support; and that Mrs. Lola Mae Wood has employment and earns an income in her own right. * * *"

■ The obligation and duty of the husband to support and maintain the wife are creatures of the common law resting on and growing out of the contract of marriage and enforceable by courts of equity under our decisions. "The broad ground on which the jurisdiction is made to rest (where divorce is not sought) is the unquestionable duty of the husband to support the wife, and the inadequacy of legal remedies to enforce this duty." Hinds v. Hinds, 80 Ala. 225; Glover v. Glover, 16 Ala. 440.

The Hinds case, supra, was decided at the December Term, 1885. At the December term, 1887, the question of the right to such support was re-examined in the case of Murray v. Murray, 84 Ala. 363, 366, 4 So. 239, 240, and in that case it was observed: "Maintenance in a case like the present should not be fixed or permanent. It should be so far left open as that changes or modifications may be made as circumstances may render proper. Of course the maintenance, as such, ceases when the marriage is dissolved by death *or otherwise*. * * *" [Italics supplied].

While the cases above cited are not directly in point where the proceedings are under the statute authorizing divorce, either from bed and board, or for dissolution of the marriage bonds, they are analogous insofar as such proceedings rest on the duty of the husband to support and maintain the wife. And the statute, Code of 1940, Tit. 34, § 44, provides: "A divorce from the bonds of matrimony bars the wife of her dower and of any distributive share in the personal estate of her husband." McLaughlin v. McLaughlin, 202 Ala. 16, 79 So. 354; Chamboredon v. Fayet, 176 Ala. 211, 57 So. 845.

■ The appellant elected to proceed on statutory grounds, as indicated in the foregoing opinion, to have the bonds of the marriage dissolved, giving her the right to contract marriage after the expiration of sixty days. In the circumstances indicated by the opinion and especially the finding of the trial court in its decree, we are not able to affirm that the trial court abused its discretion in relieving the husband of further payments of alimony under said decree.

■ As observed in Ramsey v. Kitchens, 249 Ala. 609, 610, 32 So.2d 361, "The hearing was orally before the judge. He knew the parties and their situation and unless his findings were palpably erroneous the order is due to be sustained. Randolph v. Randolph, 245 Ala. 689 (14), 18 So.2d 555; Forest Hill Corp. v. Latter & Blum, Inc., 249 Ala. 23, 29 So.2d 298. (6, 7); 2 Ala[bama] Digest, Appeal and Error, ☞ 1008(1). Cases of this character are peculiarly ones to which this rule should apply, since we are manifestly not as well advantaged to properly appraise the evidence and the meritorious phases demanding relief as is the trial court."

This opinion is not intended by the court to be construed as dealing with the right of the wife in future proceedings on change of conditions to re-establish right to further support from her husband. That question is not presented here and will be decided when the question is properly presented for decision.

The decree of the court is affirmed.

Affirmed.

LIVINGSTON, C. J., and FOSTER, SIMPSON, STAKELY and GOODWYN, JJ., concur.

LAWSON, J., dissents.

76

LAWSON, Justice (dissenting).

Under our present statute, § 31, Title 34, Code of 1940, the allowance of alimony after an absolute divorce is within the discretion of the trial court. But this is not an arbitrary discretion but a judicial discretion, subject to review on appeal. Sharp v. Sharp, 230 Ala. 539, 161 So. 709; Thomas v. Thomas, 233 Ala. 416, 172 So. 282.

Where alimony has been allowed on the granting of an absolute divorce and later changed conditions are made to appear, the trial court may in the exercise of his judicial discretion increase or decrease the amount of alimony, and the action of the trial court is subject to review here. Sims v. Sims, 253 Ala. 307, 45 So.2d 25, 15 A.L.R.2d 1246.

While I agree that the marriage of the daughter justifies a reduction of the amount which the husband should be required to pay to the wife, I do not think this circumstance sufficient to relieve him from all payment, nor can I agree that the fact that the wife now has some income from her own labor should relieve the husband entirely from contributing to her support.

In my opinion the decree should be reversed and one should be rendered here requiring the husband, appellee, to pay to the wife, appellant, the sum of $50 per month.

I, therefore, respectfully dissent.