69 So.2d 272

### WILLIAMS v. WILLIAMS.

1 Div. 550.

Supreme Court of Alabama.

Dec. 17, 1953.

130

Robt. T. Cunningham, Mobile, for appellant.

Vernol R. Jansen, Mobile, for appellee.

MERRILL, Justice.

This is an appeal from a final decree granting a divorce and dividing the custody of a four year old son of the parties.

Mrs. Williams filed her bill in July 1951 against Mr. Williams on the grounds of voluntary abandonment. In November 1951 he filed an answer and waiver wherein he admitted "the allegations as to the ages, residence and marriage." At that time there had been an agreement between counsel for the parties and it had been signed by both Mr. and Mrs. Williams, but she changed her mind before the agreement was delivered. In May 1952 Mr. Williams filed a motion to withdraw the answer and waiver which was granted. He then filed an answer which, among other things, denied that either of the parties were residents of Mobile County or that he had abandoned complainant.

The cause came on for trial on May 29, 1952. Evidence was given by two witnesses ore tenus, one of whom was complainant Mrs. Williams, and depositions of two witnesses for respondent. The record, page 85, shows the following: "This hearing was here recessed for negotiation of parties and counsel, with reference to settlement." Counsel for Mrs. Williams stated the agreement concerning the custody and support of the child, after which the record shows the following:

"Court: This cause is submitted on the testimony in open court and the matters and things offered in evidence, and on agreement or stipulation by and between solicitors for the parties, all being present in open court both parties and their solicitors, the Court announces it will enter this decree: * * *."

Thereupon the court stated the terms of the final decree to which there was no objection. This decree was reduced to writing and signed on June 11, 1952. Mr. Williams filed a "Motion to set aside decree" on June 26, 1952, which was continued from time to time until it was denied on February 10, 1953. Appeal was taken April 2, 1953, and the case submitted here November 10, 1953.

Appellant's assignments of error challenge the jurisdiction of the court on the ground that the parties were not residents of Mobile County, and that the evidence was not sufficient to support the charge of voluntary abandonment.

The respondent offered no evidence in support of his contention that complainant was not a resident of Mobile County or that respondent had not voluntarily abandoned her, the only evidence concerning these matters before the court being the testimony of Mrs. Williams, and her sister. We enumerate a few undisputed facts.

Mrs. Williams was 40 years old, was born in Toulminville in Mobile County and is a graduate architect. She married Mr. Williams in 1934. He is an architect and city planner. Their son, Robert, Jr., was born in 1948. At that time Mr. Williams was working jointly with a Mr. Winter of Mobile on a city planning job at Gadsden, Alabama. After the work at Gadsden, Mr. and Mrs. Williams attended the University of North Carolina for a quarter as students, after which they both taught a summer course at Cornell University and then went to England for a year's study. While in England they quarreled over money to pay some pledges Mrs. Williams had made to churches and other agencies in Mobile. Mrs. Williams went to the hospital for two weeks of psychiatric treatment and after discharge from the hospital she and the baby returned to their home. Mr. Williams' mother was "upset" and became sick and Mr. Williams told his wife not to come to their home any more and sent her and the baby back to Mobile. That was in December 1949. Mrs. Williams lived with her parents in Mobile and had an office in their home until December 1950 during which time Mr. Williams sent her no money, no letters and refused to answer her offers of reconciliation. In January 1951 she got a position with an architectural firm in Atlanta, Georgia, where she was still employed when the hearing was had in 1952. She left her son with her mother and sister who lived in adjoining houses in Toulminville. At that time she was a registered voter in Mobile County and she did and does call Toulminville her home.

Meanwhile, Mr. Williams had returned to Mobile from England and rented an apartment in the same house occupied by Mrs. Williams' sister. He paid the sister $50 per month for the support of Robert, Jr. and Mrs. Williams paid her sister $15 per week for the child's support. He stayed there several months and then with Robert, Jr. moved across the yard into the home of Mrs. Williams' mother. He was still in Toulminville when he was served with notice of the suit in July 1951. He went to a hospital in Memphis, Tennessee, and Mrs. Williams arranged for his sister to take Robert, Jr. to visit his father. When Mr. Williams got out of the hospital, he came down to see Robert, Jr., took him from Toulminville to Memphis, where he has remained. From December 1949 to the date of the hearing, 2½ years, Mr. Williams had not offered his wife a home of any kind or made any overtures to her to live with him anywhere.

We think a case of voluntary abandonment has been established, Thomas v. Thomas, 233 Ala. 416, 172 So. 282, and clearly the court had jurisdiction of the res and the parties. Gee v. Gee, 252 Ala. 103, 39 So.2d 406; Code 1940, Tit. 34, § 27.

The decree is affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.