32 So.2d 361

## RAMSEY v. KITCHENS.

### 6 Div. 541.

Supreme Court of Alabama.
Oct. 30, 1947.

L. Herbert Etheridge, of Bessemer, for appellant.

Ling & Bains, of Bessemer, for appellee.

610

SIMPSON, Justice.

The appellant seeks a revision of an order of the equity circuit court reducing alimony payments, ordered in the original divorce decree, from $50 per month to $7.50 per week.

■ The hearing was orally before the judge. He knew the parties and their situation and unless his findings were palpably erroneous the order is due to be sustained. Randolph v. Randolph, 245 Ala. 689(14), 18 So.2d 555; Forest Hill Corp. v. Latter & Blum, Inc., Ala.Sup., 29 So.2d 298(6, 7)[1]; 2 Ala.Digest, Appeal & Error, ☞ 1008(1). Cases of this character are peculiarly ones to which this rule should apply, since we are manifestly not as well advantaged to properly appraise the evidence and the meritorious phases demanding relief as is the trial court.

■ The parties intermarried in 1933. Appellant is now about 60 and appellee about 33 years of age. Appellee was in the service of the United States Navy during the second World War for about three years, during which time the appellant received a monthly allotment from his pay of $50 and in addition to this received certain monthly rentals from the home in Bessemer, which was their joint property. When the divorce was granted, appellee agreed to and did have title to the homestead vested in appellant and since the divorce the property has been sold, resulting in a net benefit to the appellant in the amount of about $4,300. The appellee has no funds in reserve, no unencumbered property, and was required to borrow $150 to defray the expenses of the divorce proceedings. Since that time he has remarried (though this is no justification for a modification of the original decree—Aiken v. Aiken, 221 Ala. 67, 127 So. 819) and is trying to purchase and maintain his own home. His gross monthly income averages less than $200. In deciding to amend the original award because presently excessive and beyond the appellee's financial capacity to discharge, the court observed in the order of amendment: "It is also the opinion of the Court that Complainant petitioner's financial status is equal to or better than that of respondent's, and that she appears to be a reasonably strong and healthy person for her age, and also that it is not reasonably possible for the respondent to pay complainant more than $7.50 per week in the light of his financial status, his wages being his only source of income."

■■ The impartial mind cannot but be impressed with the justice of the foregoing conclusion on the evidence presented. The court was vested with the power and discretion of modifying the original award on proof of changed conditions of the parties, one or both, and unless that discretion is abused an order of modification will not be reversed on review. Garlington v. Garlington, 246 Ala. 665, 22 So.2d 89; Roubicek v. Roubicek, 246 Ala. 442, 21 So.2d 244; Morris v. Morris, 240 Ala. 399, 199 So. 803; 2 Schouler, Marriage and Divorce (6th Ed.) 1993, § 1831.

■ And, in making up his conclusions, it was proper for him to consider the then status of the parties and to inquire into their respective earning abilities and probable future prospects and all other circumstances which might bear on the subject, such as their age, sex, health, station in life, etc. Garlington v. Garlington, supra, 246 Ala. page 668(5), 22 So.2d 89.

■ It appears after a careful consideration of the case that the court acted consonantly with these well-established rules. It is reasonable to assume that in making up his conclusion on the question of the reduction in the award of alimony, the learned judge had in mind, among other things, the enhanced financial position of

---

[1] Ante, p. 23.

the appellant since the original decree and her then probable prospects of increasing her own income by reason of the beneficial sale of the homestead property netting her the sum of $4,300. Other considerations leading to the same result might be mentioned, but we regard the foregoing as sufficient to demonstrate that the discretion vested in the court in regard to the issue presented was not abused and that the decree should be affirmed.

Affirmed.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.