113 So.2d 921

**Ralph R. SILVER**

v.

**Mary R. SILVER.**

**6 Div. 377.**

Supreme Court of Alabama.

June 25, 1959.

Rehearing Denied Aug. 20, 1959.

Graham, Bibb, Wingo & Foster, Birmingham, for appellant.

John J. Smith and Geo. S. Brown, Birmingham, for appellee.

**MERRILL, Justice.**

This is an appeal from a final decree of the Circuit Court of Jefferson County, in Equity, dismissing appellant's petition to modify an alimony allowance awarded the appellee by a decree of divorce as previously modified, and awarding cross-petitioner $100 for the professional services of her solicitor. Also dismissed was a cross-petition seeking to increase the alimony.

The original divorce was granted on the ground of cruelty in 1931. At that time, the parties had three children, aged 15, 17 and 19. The decree provided for alimony of $250 per month for the maintenance and support of the complainant, Mary R. Silver, and for the board, lodging and clothing of the minor children until the children became of college age, at which time the respondent, Ralph R. Silver, was to pay the children's college expenses and medical bills. In addition, the original decree provided that the respondent execute a deed to the complainant, granting her a life estate in the homeplace and cemetery lot, and with the condition that should respondent die before complainant, then the real estate to vest in complainant absolutely. It further provided that respondent pay taxes and insurance on the property, as well as provide for its maintenance. The decree further provided that should the complainant predecease the respondent, then the land would revert to the respondent. These portions of the original decree were based on an agreement reached between the parties four days prior to the rendering of the decree of divorce.

Sixteen years later, and on April 4, 1947, the court entered a decree of modification regarding alimony which, like the alimony part of the original decree, was based on an agreement made between the parties. This decree provided for the present appellant to execute a common law warranty deed to the respondent, conveying a fee simple title in the house and lot to the respondent, which she was occupying and in which she possessed a life interest. It further provided that appellant execute and deliver a common law warranty deed to the respondent, conveying to her a fee simple title to and in the Elmwood Cemetery lot. The decree also required the appellant to pay to the appellee $1,000 on or before April 15, 1947, and an additional $1,000 on or before April 15, 1948, and to pay her solicitor of record an attorney's fee. This decree reduced the alimony from $250 per month to $150 per month, commencing April 1, 1947.

On August 4, 1958, appellant filed his motion to modify involved in this appeal.

The motion to modify avers that on April 4, 1947, the court rendered a decree modifying the final decree of divorce rendered on September 7, 1931, and that the modifying decree awarded the appellee the sum of $150 per month as alimony. It then proceeds to allege facts and conclusions which appellant here contends add up to changed conditions, viz.: That at the time of the 1947 decree, and for some time prior thereto, appellant's income consisted of a $15,800 a year salary which he drew as President of Silver & Douce Co., Inc.; that on or about December 31, 1955, appellant-respondent resigned as president of the company and ceased to draw the salary, but instead drew $100 a month in an advisory capacity. In addition, appellant draws $103.50 per month which is a Social Security benefit. The motion alleges further that the appellant's salary decrease was due in part to the decreased profits of the corporation and that appellant's salary had decreased from $15,800 in 1947 to $5,850 in 1948, to $4,200 in 1949. The motion avers that in 1950, his salary was $6,011; in 1951, it was $7,125; in 1952, it was $7,200; in 1953, it was $7,700; in 1954, it was $7,200, and in 1955, it was $5,400. It is noted that the year 1955 is the last full year preceding the appellant's retirement as president of the corporation.

Appellant remarried in 1931, shortly after his divorce from the appellee. He acquired sole control of Silver & Douce Co., Inc., in 1935 by purchasing Douce's half interest. His present wife went to work for the corporation in 1939 at a salary of $60 a month. By 1946, her husband, who was still paying the appellee $250 a month, had given her all of the stock in the corporation. In 1947, the combined income of the appellant and his present wife, who is now president of the corporation, was $23,800, he drawing $15,800 and she drawing $8,000. For the years 1948 through 1955, the income from the corporation was divided equally between the appellant and his wife and amounted to the following: 1948, $11,700; 1949, $8,400; 1950, $12,472; 1951, $14,252; 1952, $14,400; 1953, $15,400; 1954, $14,400, and 1955, $10,800.

Beginning in 1956, the appellant's salary was reduced to $100 a month, which was the maximum income that appellant could enjoy and draw the $103.50 per month Social Security. The combined income of appellant and his wife from the corporation and Social Security was, in 1956, $11,792; in 1957, $15,642, and in 1958, $15,642. Appellant testified that he is not living on $200 a month and his wife testified that the money was placed into a joint account, and in response to a question of whether or not he was as free to use it as was she, she stated that appellant "took care of me for many years when I was not making any money." It is undisputed that both appellee and appellant are presently in less than good health. He is 70 and she is 68 years of age. He testified that he is a diabetic; she testified that she has intestinal trouble, varicose veins, and suspects that she has cancer. The court below also found that both parties are "cultured, solid citizens in the social and intellectual life of the community."

It is true as a general proposition that a modification of an alimony allowance may be warranted by a change in the financial situation of the husband. Ramsey v. Kitchens, 249 Ala. 609, 32 So.2d 361; Cairnes v. Cairnes, 211 Ala. 342, 100 So. 317; 27A C.J.S. Divorce § 239, p. 1127. And it is equally as true, as stated in 17 Am.Jur., Divorce and Separation, § 746, that "Where the husband has suffered a serious impairment of health or physical condition, or has become too old to work, and this results in a decrease in or cessation of income or such seriously increased medical expenses as to impair his ability to pay alimony or maintenance, the court may reduce, suspend, or terminate the payments according to the justice of the case." See, also, in regard to changed conditions justifying modification of decrees adopting an

agreement with respect to alimony, Callen v. Callen, 257 Ala. 226, 58 So.2d 462, and Colton v. Colton, 252 Ala. 442, 41 So. 2d 398. But as stated in Ramsey v. Kitchens, supra:

> "The hearing was orally before the judge. He knew the parties and their situation and unless his findings were palpably erroneous the order is due to be sustained. [Citing cases.] 2 Ala. Digest, Appeal & Error, ☞1008(1). Cases of this character are peculiarly ones to which this rule should apply, since we are manifestly not as well advantaged to properly appraise the evidence and the meritorious phases demanding relief as is the trial court."

We have carefully considered the evidence in this case and we are convinced that the court below acted within its sound judicial discretion and within the appropriate pronounced principles of law in dismissing appellant's petition to modify the decree as previously modified.

Appellant's remaining contention is that it was error to allow the $100 solicitor's fee to appellee for the reason that "an allowance to the wife of a solicitor's fee will be denied where the husband is unable to pay it or the wife has no need for it," citing 17 Am.Jur., Divorce and Separation, § 648, and 27A C.J.S. Divorce § 222 d, e. It suffices to say that this presents a question of fact which the court below was manifestly in a better position to decide than are we. Ramsey v. Kitchens, 249 Ala. 609, 32 So.2d 361; Roubicek v. Roubicek, 246 Ala. 442, 21 So.2d 244.

It follows that the final decree of the court below dismissing appellant's petition to modify the decree as amended and appellee's cross-petition is due to be affirmed.

Affirmed.

LAWSON, STAKELY and GOODWYN, JJ., concur.