This is an appeal from the modification of a divorce decree.
The husband filed a petition for modification of the decree based on changed circumstances. Specifically, the husband requested a reduction or termination of the alimony payments.
After an ore tenus hearing, the trial court reduced the alimony payments from $900 per month to $600 per month. The court also ordered the husband to pay the wife, at her election, an additional amount of $100 per month to be used solely for her education, counseling or training. Finally, *Page 158 
the trial court ordered a reduction in child support payments, from $400 per month to $300 per month.
The dispositive issue on appeal is whether the trial judge abused his discretion in ordering reductions in the alimony and child support payments. We find such abuse only with regard to the child support payments and reverse and remand on that ground.
Viewing the record with the attendant presumptions, the following is revealed: The husband and wife were divorced in 1976 after ten years of marriage. The wife was granted custody of the parties' four-year old daughter. The wife was also given the parties' home. After appeal to this court, the husband was ordered to pay $900 per month alimony and $400 per month child support and required to pay the mortgage on the home and convey to the wife his interest in the home.[1]
While the parties were married the husband formed a real estate company which became extremely profitable. In fact, the husband's income steadily increased from approximately $40,000 in 1972 to about $130,000 in 1977. Beginning in 1979, however, the real estate business became somewhat less profitable and the husband's income fell to about $70,000.
In 1980, the husband filed his petition to reduce or eliminate the alimony payments to his ex wife on grounds of changed circumstances. At the time of the hearing on the husband's petition, the husband had received income of about $44,000 for the first nine months of 1980. Over this same period the real estate company incurred a net loss of about $34,000.
While his business has recently suffered setbacks, the husband has acquired substantial real estate holdings since the divorce. For example, he has purchased a new home valued at $125,000 with a mortgage of $38,000, a new office building valued at $155,000 with a mortgage of about $96,500, and an apartment complex valued at $110,000 with a mortgage of about $80,000. In addition, he owns several houses valued at approximately $154,000 with mortgages totaling about $73,000.
The wife married the husband when she was sixteen years old. She finished high school after getting married. She was employed during the marriage only for brief periods of time, and has made no effort to obtain employment since the divorce.
The first issue on appeal is whether the trial court abused its discretion in reducing the alimony payments from $900 per month to $600 per month.
Generally, periodic alimony may be altered upon a showing of changed circumstances. DuValle v. DuValle, Ala.Civ. App.,348 So.2d 1067 (1977). A change in the financial situation of the husband may warrant the modification of an alimony allowance.Silver v. Silver, 269 Ala. 517, 113 So.2d 921 (1959). Furthermore, the modification of alimony based on changed circumstances is within the discretion of the trial court and unless that discretion is abused an order of modification will not be reversed on appeal. Mockridge v. Mockridge, 278 Ala. 79,175 So.2d 772 (1965).
In the case at hand there is evidence of a change in circumstances which would support a reduction of alimony. Specifically, the husband's financial situation has changed in that his income dropped from approximately $130,000 in 1977 to approximately $70,000 in 1979. Because his real estate company lost about $34,000 in the first nine months of 1980, it appears that the husband's income will continue to decrease.
Furthermore, while the court ordered a reduction of $300 per month in alimony payments, it also ordered the husband to pay an additional $100 per month so that the wife may obtain counseling or training or pursue educational endeavors. These funds, which the wife may receive at her *Page 159 
election, will aid her in becoming financially independent.
In view of the above, with particular emphasis on the wife's option to receive an additional $100 per month, we find no abuse of discretion as to require reversal regarding the reduction of alimony payments.
The next issue is whether the trial court abused its discretion in reducing child support payments from $400 per month to $300 per month.
An order modifying the child support provisions of a divorce decree will not be reversed on appeal unless it is such an abuse of discretion as to be plainly and palpably wrong. Littlev. Little, Ala.Civ.App., 349 So.2d 48 (1977).
However, the most pertinent factor in determining a modification of child support is a material change in the needs, conditions and circumstances of the children. Womble v.Womble, 56 Ala. App. 318, 321 So.2d 660, cert. denied, 295 Ala. 429, 321 So.2d 664 (1975). That factor, coupled with the financial ability of the father to meet such needs, determines the basis for modification. Womble, supra. And the burden of showing a material change in circumstances rests upon the moving party. Inman v. Inman, Ala.Civ.App., 370 So.2d 1037
(1979).
In this case neither party requested a modification of child support. The husband's petition for modification did not request a change in child support payments; it only requested a reduction or elimination of alimony payments. Furthermore, the husband's case in chief elicited no evidence regarding child support. In fact, the only evidence regarding child support is found in the wife's presentation of evidence; that is, the wife testified about certain medical bills incurred by the child. On cross-examination of the wife, the husband's attorney asked no question regarding child support.
In view of the above, the question of a modification of child support payments was not before the trial court and the trial court therefore erred in reducing the child support payments.
Nevertheless, even if the issue had been raised below, the evidence would not have supported a reduction of child support payments. Since the original award of child support was rendered, the child has been diagnosed as a diabetic. As a result, her medical expenses have increased. Furthermore, we take judicial notice that inflation has caused an increase in the cost of living. See, Inman v. Inman, supra. If anything, the child's diabetic condition, along with her increasing age and the higher cost of living, have caused her needs to increase, rather than decrease.
Furthermore, although the husband's income has sharply decreased, such decreases have not rendered him unable to meet the needs of his child. More specifically, the husband in this case made $44,000 in the first nine months of 1980. He also owns a great deal of real estate, including an apartment complex. In view of the above, the husband clearly has the financial ability to pay $400 per month child support.
Accordingly, we conclude that the trial court's order reducing the child support payments from $400 to $300 per month was reversible error. That portion of the order regarding child support is therefore reversed and remanded with directions that the support provisions of the amended decree, i.e., $400 per month, be reinstated.
This case is due to be affirmed in part and reversed in part, and remanded for entry of a judgment not inconsistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH DIRECTIONS.
WRIGHT, P.J., and BRADLEY, J., concur.
[1] See, Shirley v. Shirley, Ala.Civ.App., 350 So.2d 1041, cert.quashed, Ala., 350 So.2d 1045 (1977). *Page 160