[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1280 
This is a divorce decree modification case.
The mother appeals from a decree which modified the support provisions of the original decree and the visitation periods for the father.
We do not deem it necessary nor prudent to set out the facts in any detail. The couple divorced in 1979. Custody of their one minor child was granted to the mother. An agreement between the parties at the time of divorce was incorporated into the divorce. This agreement provided substantially for the mother. In addition to certain properties, the mother was granted over $100,000 payable to her over a period of 119 months. The agreement, among other provisions, also required the father to pay $1,000 a month for 121 months to the wife as support for her and the child.
The father was granted "reasonable rights of visitation" to be agreed upon by the parties.
In July, 1982, the mother filed a petition for modification and for establishing visitation periods. In his answer, the father alleged a change in his financial situation and requested a reduction in support payments. The father also asked for full custody of the minor son.
After an ore tenus hearing, the trial court entered a modification order which provided in pertinent part that the father shall have the right to visit the child the first and third weekends of the month, plus six weeks during the summer, plus one week during Christmas holidays and a visit during spring holidays in alternate years. Discretion of whether or not to exercise the visitation privileges rests solely with the father, and the father was granted "absolute custody" of the child during the specified visitation periods.
In addition to setting specific visitation periods, the trial court, among other actions, reduced the support payments from $1,000 to $600 per month.
From the decree, the mother through able counsel appeals, and we affirm. The dispositive issues on appeal are whether the trial court abused its discretion in granting the specific visitation periods to the father and in modifying the financial aspects of the support agreement.
As a threshold matter, in addition to the dispositive issue, we must decide if the trial court erred in denying her motion for a continuance. The mother contends the denial was error, but we do not agree. It is firmly established in Alabama that continuances are not favored, and a trial court's denial of a motion for continuance will not be reversed unless palpable error or gross abuse of discretion is shown. Selby v. *Page 1281 Money, 403 So.2d 218 (Ala. 1981); Perdue v. Mitchell,373 So.2d 650 (Ala. 1979). After a careful review of the record, suffice it to say we find no such error or abuse, and affirm the trial court's denial of the motion.
 I
The wife contends the court erred in granting the stated visitation rights. At the onset we note the trial court has wide discretion in the settlement of visitation rights.Whiteport v. Whiteport, 283 Ala. 704, 220 So.2d 891 (1969); 8 Ala. Digest, Divorce, Key No. 299. Each case must be decided on its own peculiar facts and the personalities involved.Mockridge v. Mockridge, 278 Ala. 79, 175 So.2d 772 (1965). And, as in all cases heard ore tenus, our review of the trial court's order is controlled by the principle that the court will not substitute its judgment for that of the trial court, and will reverse only where the evidence shows it to have been plainly and palpably wrong and unjust. Allen v. Allen,385 So.2d 1323 (Ala.Civ.App. 1980). The personal contact of the trial court with the parties and witnesses gives the trial court an opportunity for personal observation which we do not have, and which accounts for the presumption we accord its decrees. Mockridge v. Mockridge, supra.
In the instant case, the father asserted he had problems visiting with his son under the terms of the original decree. The main thrust of the mother's argument on appeal is that the visitation granted the father is not in the best interest of the child, apparently because it will interfere with his baseball practice and his other activities.
We are well aware, as is the trial court, that the primary consideration in visitation matters is the best interest and welfare of the child. Allen v. Allen, supra. In this case the trial court wrote: "Some certainty is called for to ensure a father/son relationship, a relationship this Court assigns a great deal more importance to than some other activities of the child." We agree, and find no abuse of discretion in awarding the father visitation with the son in the manner decreed.
 II
The mother next contends that the trial court erred in modifying the provisions for support and maintenance for her and the child in reducing the monthly support payments, and in its actions pertaining to college expenses, medical expenses, vacation funds and insurance.
It is well-settled in Alabama that modification of alimony based on changed circumstances is within the discretion of the trial court, and unless that discretion is abused an order of modification will not be reversed on appeal. Shirley v.Shirley, 397 So.2d 156 (Ala.Civ.App. 1981). Furthermore, an order modifying child support provisions of a divorce decree will not be reversed on appeal unless it is such an abuse of discretion as to be plainly and palpably wrong. Shirley v.Shirley, supra.
In the instant case, the monthly payments at issue were clearly a combination of periodic alimony and child support, and as such, modifiable on a showing of changed circumstances.Shirley v. Shirley, supra; 8 Ala. Digest, Divorce, Key Nos. 245, 303. The fact of the termination date does not remove the court's power to modify. Banks v. Banks, 336 So.2d 1365
(Ala.Civ.App. 1976). A change in the financial situation of the paying spouse may, under appropriate circumstances, warrant the modification of an alimony allowance. Shirley v. Shirley,supra.
It is interesting to note that the wife previously characterized the payments in issue as periodic alimony when she sought an increase, but now in brief contends the payments are alimony in gross, and not modifiable. As indicated, we find it is periodic alimony.
The father established a change in his financial circumstances. The father is in private business, dealing with real estate and investment properties. His 1979 income tax return indicated an income of $107,263. But his 1981 income tax return indicated an income of $53,095. In addition *Page 1282 
to that, he is obligated to repay a sizable business debt, income from his rental properties is suffering due to the depressed economic situation in the state and his business interest rates have substantially increased.
The trial court, in addition to specifically finding the father established a change in circumstances, also found the mother "is able-bodied, has a considerable estate of her own, is well-educated and able to provide for her own support." In view of the above, we find no error regarding the reduction, as indicated.
The mother also objects to the trial court's actions concerning the original agreement which provided that the father would pay the child's "expenses" if the child decided to attend college.
The modification defined expenses as "tuition, fees, books and school supplies." We find no merit in the mother's contention this was an impermissible modification. The modification decree can be viewed as simply a clarification of the earlier agreement and not an impermissible modification. Hence, no error.
The wife further contends there was error in the trial court's action pursuant to a life insurance policy. The original decree required the father to maintain a policy in the amount of at least $200,000. The proceeds were payable to the mother unless she married or predeceased the father, in which case the proceeds were designated for the child.
The trial court in its modification decree reduced the amount of the policy to $100,000, and provided that the proceeds shall be paid to a named trustee to be selected by the father for the benefit of the child. Again, we find no merit in the wife's contention that such action will "endanger the security" of the child.
The specific question of whether insurance such as the above is in the nature of support and thereby modifiable, or is in the nature of a property settlement and potentially not modifiable was not raised by the mother, and we do not address it in this instance. In fact, in her brief, the mother concedes the insurance is to provide support for the child, and would therefore be modifiable. See Hardy v. Hardy, 46 Ala. App. 253,240 So.2d 601 (1970), which is clearly consistent with the mother's contention.
Suffice it to say, as indicated above, the father's decreased financial situation can be said to justify the trial court's action regarding the insurance policy.
Furthermore, in view of the above, we find no abuse of discretion justifying reversal regarding certain actions of the trial court in altering the terms of medical payments or the payment of vacations.
We find no merit in the assertion of the wife that certain aspects of the modification were in error because such actions were not specifically sought by the father in his pleadings. Such matters were implicit in the father's general request for modification to reflect the changes in his economic condition. Furthermore, those aspects were properly raised in the father's pleadings in his prayer for "such other and different relief as may be deemed meet and proper. . . ."
As a final note, in response to the mother's challenge to the sufficiency of evidence as to the change in the father's financial position, we note the weight and credibility of testimony with respect to a change in financial circumstances are for the trial judge in determining whether to grant a modification. Meyer v. Meyer, 375 So.2d 799 (Ala.Civ.App. 1979). If any reasonable view of the evidence supports the trial court's decree, it is the duty of this court to affirm.Anders v. Anders, 367 So.2d 481 (Ala.Civ.App. 1979). In this case, there was ample evidence to support the trial court's actions, and we affirm.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur. *Page 1283