BRADLEY, Judge.
This is a child support modification case.
The parties to this proceeding were divorced on August 20,1981. There were two children bom of the marriage and custody of both children was placed with the mother. The father was required to pay child support in the amount of $200 per month for both children.
On June 29, 1982 the father filed a petition to modify the previous custody decree to place the custody of the older child, Jeannine, in him. He later amended this petition to request the court to reduce the child support paid to the mother from $200 a month to $100 per month. The mother answered this petition and filed a counter-petition. In her counterpetition the mother agreed for custody of Jeannine to be placed with the father, but she also requested that support for Jennifer be increased to $300 per month.
After an ore tenus hearing the trial court awarded custody of Jeannine to the father, required the father to pay $175 per month child support for Jennifer, refused to require the mother to pay child support for Jeannine, and required each party to pay his own attorney’s fee.
The mother has appealed from that aspect of the decree requiring her to pay her own attorney’s fee. The father has appealed that aspect of the decree increasing child support for Jennifer to $175 a month and that aspect of the decree refusing to require the mother to pay child support for Jeannine.
The mother argues that the trial court erred to reversal by not awarding her a reasonable amount of money as an attorney’s fee. She says the father brought about the proceedings, thereby requiring her to employ counsel to defend herself against the allegations. She contends that she is without funds to pay her lawyers.
In proceedings for modification of a child support award, the decision to award the mother an attorney’s fee is within the sound discretion of the trial court and will not be set aside except for an abuse of that discretion. Young v. Young, 376 So.2d 737 (Ala.Civ.App.1979).
We have carefully examined and considered the evidence set out in the record, and we find that it amply supports the decision of the trial court not to award the mother an attorney’s fee. No error here.
*552 The father says in brief that the trial court erred by increasing child support for Jennifer from $100 per month to $175 per month and by refusing to require the mother to contribute to the support of Jeannine.
An order modifying the child support provision of a divorce decree will not be reversed on appeal unless it is such an abuse of discretion as to be plainly and palpably wrong. Shirley v. Shirley, 397 So.2d 156 (Ala.Civ.App.1981). A child support award may be changed by the court upon a showing of a material change in the needs, conditions and circumstances of the children. Shirley v. Shirley, supra. The burden of showing such changes rests with the moving party. Inman v. Inman, 370 So.2d 1037 (Ala.Civ.App.1979).
Again, we have carefully examined the evidence in the record and find that it amply supports the trial court’s decision to increase support from the father for Jennifer and not to require support from the mother for Jeannine. No error in this aspect of the trial court’s decree.
For the reasons above enumerated, the judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.