HOLMES, Judge.
The plaintiffs sued the defendant as a result of an automobile accident. A jury returned a verdict in favor of the plaintiffs.
The defendant appeals, contending that the trial court committed reversible error in failing to grant the defendant a continuance. We find no error requiring reversal and affirm.
As indicated, the dispositive issue on appeal is whether the trial court so abused its discretion in denying the defendant’s requested motion for a continuance that reversal is mandated.
The pertinent facts as revealed by the record are as follows: The plaintiffs sued the defendant in the Walker County District Court for damages sustained as a result of a car accident on April 23, 1981. After an adverse ruling, the defendant appealed to the circuit court. A trial date was set for May 7, 1984. On May 4, 1984, the defendant filed a motion for a six-month continuance based upon a need to “consult with counsel, locate and subpoena witnesses, and prepare defense.” The case was subsequently reset for trial on Janu *48 ary 30, 1985. On December 20, 1984, the defendant, in the absence of any counsel of record, was notified by the trial court of the upcoming trial date by the mailing of the trial docket. On January 30, 1985, the defendant, along with counsel, appeared before the trial court and requested another continuance. The trial court denied this motion, and the case proceeded to trial, with, as stated, judgment being rendered against the defendant.
We note at the outset that it is firmly established in Alabama that continuances are not favored. Barran v. Barran, 431 So.2d 1278 (Ala.Civ.App.1983). The granting or denial of a motion for a continuance is discretionary with the trial court and will not be reversed unless gross abuse of discretion is shown. Eady v. Stewart Dredging & Construction Co., 463 So.2d 156 (Ala.1985); Madison v. Weldon, 446 So.2d 21 (Ala.1984); Selby v. Money, 403 So.2d 218 (Ala.1981); D. & J. Mineral and Mining, Inc. v. Wilson, 456 So.2d 1099 (Ala.Civ.App.1984); Barran, 431 So.2d at 1280.
The trial court had earlier provided a six-month continuance as requested by the defendant; the defendant was given notice more than one month beforehand of the forthcoming trial date. Under these facts, it is clear to this court that the trial court committed no reversible error in denying the motion for a continuance.
This case is due to be and is hereby affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.