On July 10, 1987 the Supreme Court of Alabama, 520 So.2d 507, affirmed in part, reversed in part, and remanded for further proceedings the judgment of this court rendered on July 23, 1986. As ordered by the supreme court, we consider the merits of the appeal.
Beverly Nesbitt Andrews and Marvin Nathaniel Andrews were divorced by final order of the Jefferson County Circuit Court in 1985. Pursuant to the divorce decree, custody of the parties' three minor children was awarded to the mother subject to the following visitation rights awarded to the father:
 "A. The first and third weekends of each month from 6:00 p.m. on Friday until 6:00 p.m. the following Sunday;
 "B. Each Christmas Day from 3:00 p.m. until 3:00 p.m. on the following New Year's Day;
 "C. One month during the summer, at a time to be selected by the Defendant, but upon written notice to the Plaintiff at least thirty (30) days in advance of such visitation;
 "D. Every other Thanksgiving Day from 10:00 a.m. until 6:00 p.m. of the same day, beginning in 1986;
 "E. Every other birthday of the child from 6:00 p.m. on said date until 8:00 a.m. of the following day, beginning with the next birthday;
 "F. It is further ordered that the Defendant is not to drink any intoxicating beverages or have been drinking intoxicating beverages prior to or during the said visitation as stated above."
The mother appeals, asserting that the visitation privileges awarded by the court reflect an abuse of discretion in light of the particular facts of the case.
The father cross-appeals, maintaining that the trial court erred when it ordered him to pay the arrears on the mortgage covering the parties' marital residence. Likewise, he contends that the court erred when it divested him of any interest in the house in the event of foreclosure by the mortgagee.
A trial court has broad discretion when making a determination as to the visitation rights it will award a noncustodial parent. Brothers v. Vickers, 406 So.2d 955
(Ala.Civ.App. 1981). Once an ore tenus hearing is held and the visitation rights are determined, the decree is presumed correct. Brothers, supra. Further, absent a finding that the decree is unsupported by any credible evidence and is plainly and palpably wrong, we will affirm. Brothers, supra.
We note that each case involving a noncustodial parent and his or her visitation rights requires an examination of the facts and circumstances of the individual situation.Skipper v. Skipper, 283 Ala. 286, 215 So.2d 885 (1968). However, our review of the trial court's order following the ore tenus hearing does not allow us to substitute our judgment for the judgment made by the trial court. Miller v. Miller,361 So.2d 577 (Ala.Civ.App. 1978). Implicit in the presumption of correctness we attach to the decree is our recognition that the trial court was able to personally observe the litigants and witnesses. Brothers, supra.
We have reviewed the record and note that the court heard testimony from both the husband and wife for four days. Testimony indicated that the husband drinks wine. The husband also admitted that he has hit his children. However, the evidence reflected that the mother has also struck the children. The trial court observed the witnesses testify. It heard the father describe the change in his children once they are out of their mother's presence — how they have become relaxed and affectionate towards him.
In light of the evidence, we cannot say that the visitation award was plainly and palpably wrong, and we affirm the court's visitation arrangement.
We do wish to say that we are aware of the restriction placed by the trial court on the husband's visitation privileges by prohibiting his consumption of alcoholic beverages during the children's visits. To us *Page 514 
this restriction evidences the trial court's sensitivity to the particular facts of this case as required by Skipper, supra.
Furthermore, we recognize, as did the trial court, the mother's concern regarding the father's drinking and temper. However, even "though the judgment of the trial court might differ from a judgment the reviewing court might have rendered had it been the trial court, such is not a basis for reversal." Miller,supra. Additionally, should circumstances change, the mother can file a petition asking the trial court to alter the visitation schedule for the father.
The father, by way of cross-appeal, asserts that the court's provisions with regard to the disposition of the marital property are plainly and palpably wrong.
It is well settled that property divisions entered pursuant to a divorce are subject to the trial court's discretion and will not be reversed unless shown to be plainly and palpably wrong. Phillips v. Phillips, 489 So.2d 592 (Ala.Civ.App. 1986). Property divisions need not be equal, only equitable.Phillips, supra.
The court in this case severed the joint tenancy with right of survivorship in the parties' home and created a tenancy-in-common. Adjusting the ownership of property held by joint tenants who are parties in a divorce is within the circuit court's powers. Porter v. Porter, 472 So.2d 630 (Ala. 1985). In short, the court "in a divorce case has the power to use any reasonable means to effect a just property settlement and adjust the equities between the parties." Scudder v.Scudder, 485 So.2d 743 (Ala.Civ.App. 1986).
We have examined the record and cannot say that the court's division was plainly and palpably wrong. The mother has been awarded custody of three minor children. The house will provide them with a home until they leave her care. Further, the mother operates a small business out of the home. Awarding her sole use of the home will allow her business to continue. In view of the lack of an alimony award, the income from the business will help her support the children.
By vesting the right of redemption in the mother should the father fail to make the mortgage payments, the trial court provided her a way to maintain the house as the children's residence even if the father fails to uphold his obligations.
Further, the court has directed that the father pay approximately $9,000 in mortgage payment arrears. He contends that this part of the order is impossible and, consequently, is plainly and palpably wrong. While we recognize that the husband's net monthly income is $1,200, with approximately $450 already allocated to child support and mortgage payments, "[a]n award exceeding the husband's stated income does not automatically amount to an abuse of discretion on the part of the trial court." Hurd v. Hurd, 397 So.2d 133 (Ala.Civ.App. 1980), cert. denied, 397 So.2d 135 (Ala. 1981). We do not believe that the trial court abused its discretion in requiring the husband to satisfy the mortgage arrears. The husband's mother is the mortgagee and, in all probability, an amicable arrangement can be worked out between the two of them for the husband to satisfy the arrearage.
The judgment of the trial court is affirmed.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.