This is a divorce/child custody case.
After an ore tenus proceeding, the trial court entered a decree on April 6, 1988, divorcing the parties, ordering a property division, and reserving the determination of custody of two minor children for a later time. After a further oretenus proceeding, the trial court declined to interfere with the custody of the older child, which had been awarded to the mother from a previous marriage to another man. The trial court awarded custody of the younger child, who was born of this marriage, to the father with visitation rights for the mother limited to the home of the child's maternal grandmother. The mother appeals.
The dispositive issue is whether the trial court abused its discretion in awarding custody of the younger child to the father and limiting the visitation of the mother to the home of the maternal grandmother.
At the outset, we note our limited review. The matter of child custody in divorce cases rests soundly within the trial court's discretion. There is a presumption of correctness when the trial court rules in divorce cases in which the evidence was presented ore tenus, and the judgment will not be set aside unless it is plainly and palpably wrong or unjust. Lucero v.Lucero, 485 So.2d 347 (Ala.Civ.App. 1986).
The trial court also has broad discretion in determining visitation rights to be awarded to the noncustodial parent that must be affirmed unless the judgment is unsupported by the evidence. Andrews v. Andrews, 520 So.2d 512 (Ala.Civ.App. 1987).
In determining visitation rights for the noncustodial parent, the trial court must primarily consider what is in the best interest and welfare of the child. Jackson v. Jackson,520 So.2d 530 (Ala.Civ.App. 1988).
This court pretermits a lengthy discussion of the facts in this case as it would add nothing to existing law. The record reflects that the trial court had before it ample evidence as to the fitness and suitability of each of the parties regarding custody of the minor child.
Reviewing the record with the appropriate presumptions, we find ample evidence supporting the trial court's award of custody to the father and the restriction of the mother's visitation to the home of the maternal grandmother. Accordingly, this case is due to be affirmed.
The father's request for an attorney's fee on appeal is denied.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.