This is a post-divorce action involving child visitation.
The parties divorced in September 1990, and at that time, inter alia, the mother was awarded custody of the two minor children, subject to the visitation granted to the father. Although there have been numerous legal actions between these parties, we are concerned here only with the matter of visitation.
The father filed a petition in July 1991, alleging that the mother was denying his visitation rights and requesting that she be held in contempt. The mother answered and filed a counter-petition for modification of the visitation, alleging, inter alia, that the father and another individual were engaging in "highly inappropriate" behavior with the children during his visitation. The mother also requested the appointment of a guardian ad litem to represent the children's interests. In September 1991, the trial court entered an order finding that the evidence did not support the allegations against the father, denying appointment of a guardian ad litem for the children, and declining to hold the mother in contempt. In October 1991, acting upon information provided by the Department of Human Resources (DHR), the trial court ex mero motu set the matter for reconsideration and appointed a guardian ad litem for the children. Ultimately, in April 1992, the trial court, inter alia, affirmed its refusal to require supervised visitation with the father, found the mother in contempt, assessed the father's attorney's fee against the mother, and encouraged both parties to consider the need for individual psychotherapy. The mother appeals.
On appeal, the mother contends that the trial court abused its discretion in refusing to order supervised visitation; that the trial court's findings of fact and conclusions of law are contrary to the evidence; and that the trial court erred in holding the mother in contempt and taxing attorney's fees to her.
The trial court has broad discretion in determining the visitation rights of a noncustodial parent. Andrews v. Andrews, *Page 45 520 So.2d 512 (Ala.Civ.App. 1987). "Once an ore tenus hearing is held and the visitation rights are determined, the decree is presumed correct. Further, absent a finding that the decree is unsupported by any credible evidence and is plainly and palpably wrong, we will affirm." Andrews, supra, at 513. (Citations omitted.) The primary consideration in establishing visitation rights for a noncustodial parent must be the best interests and welfare of the children. I.L. v. L.D.L., Jr.,604 So.2d 425 (Ala.Civ.App. 1992). We have carefully and thoroughly considered the voluminous record in the instant case and do not deem it necessary or prudent to detail specifics here. Applying the appropriate principles of law to the facts, we cannot find that the trial court abused its discretion in refusing to order supervised visitation with the father and his children. The trial court expressly found that supervised visitation "is not necessary or in the best interest of the minor children." Although the trial court did not require the parties to obtain psychotherapy, it encouraged the parties to consider the need for such therapy and required counseling for the parties in an effort to establish "open lines of communication" specifically in hopes "that both parties can recognize the necessity of each parent's role in the emotional growth of the children." Our review of the record reveals that the trial court acted conscientiously in safeguarding the interests of the children.
The mother next contends that the trial court erred in its findings and conclusions. The testimony in this case was conflicting. The trial court considered and evaluated the evidence and explicitly concluded that it was "unconvinced that any sexual abuse has occurred." This court does not reweigh the evidence on appeal and is not allowed to substitute its judgment for that of the trial court. Flowers v. Flowers,479 So.2d 1257 (Ala.Civ.App. 1985). Each visitation case must be decided on its own peculiar facts. Barran v. Barran,431 So.2d 1278 (Ala.Civ.App. 1983). Our review is controlled by the ore tenus principle, and we will reverse the trial court's judgment only where the evidence shows it to be plainly wrong and unjust. Barran, supra. We have examined the entire record with extreme care and find that the trial court's judgment is not plainly wrong or unjust. In light of the seriousness of the allegations, however, we stress that matters of child custody and visitation are never res judicata. Rather, the trial court retains jurisdiction of these matters for subsequent modification should circumstances warrant. McKinney v. AlabamaDepartment of Pensions Security, 475 So.2d 568
(Ala.Civ.App. 1985).
The mother next argues that the trial court erred in holding her in contempt. The trial court's order notes,
 "In particular, the [mother's] attitude has been void of a true spirit of cooperation. . . . She has been rigid and unyielding in almost every situation involving the [father's] rights to visitation. . . . It is clear to the Court that her motives in dealings with the [father] many times have not been in the best interest of the children."
Whether a party is in contempt of court or has failed to abide by the provisions of a divorce decree is a question committed to the sound discretion of the trial court. Lundy v. Lundy,586 So.2d 949 (Ala.Civ.App. 1991). Our review in a contempt case is limited to questions of law and does not involve an inquiry into the weight and sufficiency of the evidence, but simply whether the decree is supported by some evidence. Lundy, supra.
Upon review of the record, we find that there is ample evidence to support the trial court's finding of contempt.
Last, the mother contends that the trial court erred in ordering her to pay $1,000 as an attorney fee to the father's attorney. The award of an attorney's fee in divorce cases is a matter within the sound discretion of the trial court, which will not be set aside except where that discretion is plainly and palpably abused. Shirley v. Shirley, 600 So.2d 284
(Ala.Civ.App. 1992). Furthermore, a trial court may assess an attorney fee upon a finding of contempt. Cole v. Cole,507 So.2d 1333 *Page 46 
(Ala.Civ.App. 1987). We find no abuse here.
Accordingly, we find that the judgment of the trial court is without error and is thereby due to be affirmed. The father's request for an attorney's fee in this appeal is granted in the amount of $1,000. The guardian ad litem's request for an attorney's fee is granted in the amount of $500, which is to be shared equally by both parties.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.