The parties were divorced by the Circuit Court of Barbour County in December 1990. The parties were awarded joint custody. The mother was awarded physical custody of the parties' two minor children, subject to the visitation awarded the father.
The father filed a petition, alleging that the mother was denying his visitation rights. He further requested that custody of the minor children be awarded to him. The mother answered and filed a counter-petition, requesting, among other things, that the parties no longer be required to share custody and that the "visitation *Page 403 
rights . . . of said Divorce Agreement be reviewed . . . and modified accordingly."
Following a hearing, the trial court entered an order maintaining the original order of joint custody. It awarded physical custody to the mother, subject to the father's visitation rights. Concerning visitation, the trial court ordered: "The [father] and the [father's] mother, Patsy Dominick, shall have joint custody of the children for three successive months during the summer months."
The mother appeals and initially asserts that "[t]he trial court erred in modifying the decree to allow visitation to the father where evidence established such to be a danger to the children."
The issue of child visitation is within the sound discretion of the trial court. Wyatt v. Wyatt, 549 So.2d 1351
(Ala.Civ.App. 1989). When the issue of visitation is determined after oral proceedings, the trial court's determination of the issue will not be disturbed absent an abuse of discretion or a showing that it is plainly in error. Andrews v. Andrews,520 So.2d 512 (Ala.Civ.App. 1987). The trial court's primary consideration in establishing visitation rights for the noncustodial parent must be the best interests and welfare of the child. Jackson v. Jackson, 520 So.2d 530 (Ala.Civ.App. 1988).
In open court the trial court expressly stated that the mother failed to present any evidence that the children would be in danger if the father was allowed visitation. Our review of the record supports such a statement. In its order, however, the trial court granted the father summer "custodial" visitation only on the condition that he share custody of the children with his mother. It appears that such a condition was an effort made by the trial court to appease the mother's trepidations. The fact that the father's mother is not a party is not questioned on appeal. We find no abuse of discretion.Andrews.
The mother asserts that the trial court erred in "modifying the decree to allow the father three successive months of summer visitation." She insists that the order for summer visitation interferes with the education of the children because the summer school vacation in Missouri (the mother's and the children's state of residence) does not last three months.
In open court the trial court stated that summer visitation would begin the day after school is completed and end the day before school begins. In its written order, however, the court gave the father and the grandmother "three successive months" of summer visitation. We are confident that the trial court's order was not meant to be an intentional interference with the children's education. However, because the order may cause confusion, we suggest that the trial court may wish to clarify its order. We do not, however, remand for that purpose. We find no reversible error in the decree.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.
THIGPEN, J., concurs in result.