HOLMES, Retired Appellate Judge.
This is a divorce case.
The parties in this case married in August 1988 and separated in September 1994. In March 1995 both parties filed complaints for divorce, alleging incompatibility and requesting, among other things, custody of the minor children, who were ages 2 and 4 years.
Following an ore tenus hearing, the trial court entered a judgment on February 26, 1997, divorcing the parties, dividing their marital assets, and providing, in part, that the wife would have custody of the children and that the husband would have liberal visitation rights. The judgment also provided that the husband would pay $1,070 per month as child support and $15,000 toward the wife’s attorney fees. The husband filed a post-judgment motion, which the trial court denied.
The husband appeals, raising several issues.

Child Custody

The husband first contends that the trial court erred in awarding the wife custody of the minor children. In Williams v. Williams, 602 So.2d 425 (Ala.Civ.App.1992) (citations omitted), this court stated the following well-settled law regarding an initial award of custody:
“In an initial custody determination the parties stand on equal footing without a favorable presumption to either. In determining which parent should have custody, the paramount consideration is the health, safety, and well-being of the child. An award of child custody is a matter within the discretion of the trial court.
“This court presumes that the trial court correctly applied its discretionary authority to adjudge the child’s best interests. The presumption arises because the trial court is in the best position to see and hear the witnesses. It is our duty to affirm the decree if it is supported by credible evidence.”
Suffice it to say, we have carefully and thoroughly reviewed the voluminous record and deem it unnecessary to set forth in detail the full facts of this case. In applying the above standard of law, we conclude that the trial court did not err in awarding custody of the minor children to the wife.
As noted previously, the parties separated in September 1994, after the husband voluntarily left the marital home. During the pendency of this case, the husband moved to Atlanta, where he presently resides with his paramour. The wife has had custody of the children since the husband left, and she has willingly maintained the role of primary caretaker.
At trial both parties testified regarding their role in rearing the older child. A careful and thorough review of the testimony reveals that both parties love their children and have actively participated in their children’s lives. Further, the older child testified at trial, and his testimony indicates that he is happy and well-adjusted and has no preference regarding his living arrangements.
Thus, while the trial court could have found that both parties were fit and/or capable of caring for the children, it, nevertheless, determined that the best interests of the children would be with the wife.
*1238 On appeal, the husband would have this court determine that the trial court based its determination of custody ori the sole fact that the husband is an admitted homosexual. We decline to so find. It is well established that the trial court considers numerous factors when determining the best interests of a child. Kent v. Green, 701 So.2d 4 (Ala.Civ.App.1996). Some of those factors include, but are not limited to, the following:
“the sex and age of the child; the characteristics and needs of the child, including his or her emotional, social, moral, material and educational needs; the respective home environments offered by each parent; the characteristics of those seeking custody, including age, character, stability, and mental and physical health; the capacity of each party to provide for the emotional, social, moral, material, and educational needs of the child; the interpersonal relationship between the child and each parent; the effect on the child of disrupting or continuing an existing custodial status; the child’s preference, if the child is of sufficient age and maturity; the recommendation of any expert; and any other relevant matter the evidence may disclose.”
Kent, 701 So.2d at 6. And, “although it may not be a ground for denying custody to a parent, adultery by a parent may enter a court’s decision concerning custody.” Smith v. Smith, 599 So.2d 1182, 1186 (Ala.Civ.App.1991).
Based on the extensive testimony presented in this case, it is obvious that the trial court considered numerous factors in determining the best interests of the children. For this reason, we cannot fault the trial court. To do so would be to substitute our judgment for that of the trial court. This, the law does not permit. Grubbs v. Crosson, 634 So.2d 593 (Ala.Civ.App.1994).

Visitation

As noted previously, the trial court granted the husband liberal visitation rights, subject to certain restrictions. Specifically, the trial court noted the following regarding the husband’s visitation:
“The [husband] shall exercise his said visitation with the minor children in the state of Alabama (this is due to his willful contempt and violation of this court’s previous orders related to his visitation). In addition, the [husband] shall not exercise his visitation in the presence. of anyone with whom he has a sexual relationship, to whom he is not married.”
The husband contends that the trial court abused its discretion in restricting his visitation rights. We find no such abuse. The law regarding visitation is well settled:
“The trial court has broad discretion in determining the visitation rights of a noncustodial parent. Andrews v. Andrews, 520 So.2d 512 (Ala.Civ.App.1987). ‘Once an ore tenus hearing is held and the visitation rights are determined, the [judgment] is presumed correct. Further, absent a finding that the [judgment] is unsupported by any credible evidence and is plainly and palpably wrong, we will affirm.’ Andrews, supra, at 513 (Citations omitted.) The primary consideration in establishing visitation rights for a noncustodial -parent must be the best interests and welfare of the children. I.L. v. L.D.L., Jr., 604 So.2d 425 (Ala.Civ.App.1992).”
Anonymous v. Anonymous, 620 So.2d 43, 44-45 (Ala.Civ.App.1993).
The record reveals that during the pen-dency of this case, the trial court entered several orders providing that neither party could transport the children outside the state of Alabama without prior approval of the court. The orders further provided that the children were not allowed in the presence of J.H., the husband’s paramour. At trial, the husband admitted that on several occasions' he had violated the trial court’s order by transporting the children to his home in Atlanta, where his paramour was present. At the close .of the evidence, the trial court entered an order, holding the husband in criminal contempt for his violation of the previous orders. The trial court also held the husband in civil contempt for his failure to pay child support.
Considering the husband’s admitted violation of the trial court’s previous orders, *1239 we conclude that the trial court did not err in restricting his visitation rights. We would emphasize at this point, however, that matters involving child custody and visitation are never res judicata; this is true, of course, because the trial court retains jurisdiction over these matters in the event of circumstances warranting a subsequent modification. Anonymous, supra.

Child Support

The trial court, in its judgment, ordered the husband to pay $1,070 per month as child support. The trial court noted that this amount was not based on the child support guidelines established by Rule 32, Ala. R. Jud. Admin. Instead, the trial court noted that this amount reflected the trial court’s finding that the husband earns $3,750 per month, rather than the amount reflected on his CS-41 form — $2,000 per month. In other words, the trial court apparently found the husband to be voluntarily underemployed.
Rule 32(B)(5) provides the following in pertinent part:
“If the court finds that either parent is voluntarily unemployed or underemployed, it shall estimate the income that parent would otherwise have and shall impute to that parent that income; the court shall calculate child support based on that parent’s imputed income. In determining the amount of income to be imputed ..., the court should determine the employment potential and probable earning level of that parent, based on that parent’s recent work history, education, and occupational qualifications, and on the prevailing job opportunities and earning levels in the community.”
Suffice it to say, we have reviewed the record and conclude that it is replete with evidence to support the trial court’s findings. The husband is a very talented engineer. Before and during the marriage, the husband was employed with Wade, Sand & Gravel (WSG), earning in excess of $50,-000 per year. In December 1994 WSG terminated the husband’s position, and the husband sought employment with Cottingham Contracting, earning $3,750 per month. The husband voluntarily resigned from this job and sought employment with Besser International, earning 3,500 per month. Besser International also terminated the husband’s position. The husband presently lives in Atlanta and works on a contract basis for two different companies, one of which is his former employer — WSG. As noted previously, the husband indicated on his CS-41 form that he earned approximately $2,000 per month during 1996.
Based on the foregoing, we conclude that the trial court did not err in finding the husband to be voluntarily underemployed, thereby imputing his income as $3,750 per month.

Marital Property

The trial court awarded the wife all proceeds resulting from the sale of the marital residence, a one-half undivided interest in the farm property, all accounts titled in her name, all items of personal property in her possession, and a car. The trial court awarded the husband all accounts titled in his name, all items of personal property in his possession, the lake property, and a car.
The husband contends that the trial court erred in awarding the wife all the proceeds resulting from the sale of the marital home. We disagree. The law regarding the division of marital assets is well established:
“A division of marital property in a divorce case does not have to be equal, only equitable, and a determination of what is equitable rests within the sound discretion of the trial court. When dividing marital property, a trial court should consider several factors, including the length of the marriage; the age and health of the parties; the future prospects of the parties; the source, type, and value of the property; the standard of living to which the parties have become accustomed during the marriage; and the fault of the parties contributing to the breakup of the marriage.”
Golden v. Golden, 681 So.2d 605, 608 (Ala.Civ.App.1996) (citations omitted).
The record reveals that the parties purchased the home in 1990. While disputed, *1240 the wife testified that $14,000 of the down payment came from a certificate of deposit that she had inherited prior to the marriage. As noted previously, the husband moved out of the marital home in September 1994, after having a sexual relationship outside the marriage. The evidence suggests that the breakdown of the marriage was linked to the husband’s affair. According to the wife, the husband ceased paying the mortgage payments after May 1995, at which time the wife’s father paid them for 18 months, expending $23,400.
In June 1996 the trial court entered an order, granting the wife the right to list and/or to sell the marital residence. The net proceeds of the sale totaled $63,729.54. The wife testified that she and her children were living in a two-bedroom apartment and that she planned to use the proceeds to purchase another home for them. The husband and his paramour own a house which, according to the wife, is worth $120,000.
Based on the foregoing, we conclude that the trial court did not err in awarding the wife the proceeds resulting from the sale of the marital residence.
The husband also contends that the trial court erred in awarding the wife a one-half undivided interest in the farm property because, he says, the farm property was his separate estate. The wife, however, testified as follows: the family spent weekends at the farm; she studied for the bar exam at the farm; she had family property stored at the farm; she and the husband deducted the property taxes on their joint tax return; she and the husband listed the farm as an asset on their financial statement when they purchased the marital residence; and she and the husband had planned to use the farm as their retirement home. It is well settled that when making a property settlement, the trial court may consider property that is acquired through inheritance or gift if that property was regularly used for the common benefit of the parties during their marriage. Marsh v. Marsh, 496 So.2d 71 (Ala.Civ.App.1986).
Based on the foregoing, we conclude that the trial court’s division of property, both real and personal, was equitable under the circumstances.

Attorney Fees

The husband finally contends that the trial court erred in awarding the wife attorney fees.
“Whether to award an attorney fee in a domestic relations case is within the sound discretion of the trial court and, absent an abuse of that discretion, its ruling on that question will not be reversed. Thompson v. Thompson, 650 So.2d 928 (Ala.Civ.App.1994). ‘Factors to be considered by the trial court when awarding such fees include the financial circumstances of the parties, the parties’ conduct, the results of the litigation, and, where appropriate, the trial court’s knowledge and experience as to the value of the services performed by the attorney.’ Figures v. Figures, 624 So.2d 188, 191 (Ala.Civ.App.1993).”
Davis v. Davis, 686 So.2d 1245, 1249 (Ala.Civ.App.1996).
The trial court awarded the wife an attorney fee of $15,000, which it determined to be the appropriate contribution due from the husband. The wife’s attorney fees in this case totaled $20,250. The wife testified that she had already paid her attorney $7,100, in addition to paying $3,418.15 for transcripts.
Based on the totality of circumstances, we cannot say that the trial court abused its discretion in awarding the wife an attorney fee.
In light of the foregoing, the judgment of the trial court is due to be affirmed.
The parties’ requests for attorney fees on appeal are denied.
The foregoing opinion was prepared by Retired Appellate Judge Richard L. Holmes while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
ROBERTSON, P.J., and YATES, CRAWLEY, and-THOMPSON, JJ., concur.
MONROE, J., concurs in the result.