I concur with the reversal of the property division and the affirmance of the custody determination. I also concur with the reversal of the alimony provisions, because the trial court will need to reconsider its entire award, including its award of retirement benefits as either alimony in gross or periodic alimony, when refashioning an equitable property division on remand.
I must, however, respectfully dissent from the reversal of the visitation portion of the judgment. The trial court has a wide degree of discretion in visitation matters, and a visitation order based upon ore tenus evidence will not be overturned absent a clear and palpable abuse of the trial court's discretion. SeeFlanagan v. Flanagan, 656 So.2d 1228, 1230 (Ala.Civ.App. 1995); Anonymous v. Anonymous, 620 So.2d 43, 44 (Ala.Civ.App. 1993). The majority apparently believes the trial court was required to award the wife post-trial the same visitation it had awarded to the husband pendente lite. Very little evidence, if any, is normally presented at pendente lite hearings, and I do not believe a pendente lite order is somehow binding on the judge who grants it. The record does not include a transcript of the pendente lite hearing, so I know of no reason why this court should reverse the judge for what the majority calls his "inconsistent" visitation orders. After a full hearing, the trial court determined that visitation with the mother for four weeks in the summer and one weekend a month would be sufficient and in the children's best interest. I cannot hold that the trial court abused its discretion in this regard, so I would not disturb the trial court's visitation schedule.