Although I concur in the main opinion insofar as it affirms the property-division and child-custody awards, I agree with Judge Bryan that the child-support award should be affirmed and join his writing in that regard. I also agree with the main opinion insofar as it reverses the trial court's supervised-visitation award; however, I cannot concur fully in the rationale expressed in the main opinion. I have concluded that the trial court's requirement that the wife's visitation be supervised should be reversed based on slightly different reasoning.
Although a trial court has a wide degree of discretion in visitation matters, see, e.g., Smith v. Smith,887 So.2d 257, 264 (Ala.Civ.App. 2003); Anonymous v.Anonymous, 620 So.2d 43, 44 (Ala.Civ.App. 1993), a trial court's decision on such matters may be reversed if the appellant demonstrates a clear and palpable abuse of that discretion. Smith, 887 So.2d at 264. The evidence in this case reflects that the restriction on the wife's visitation is aimed at preventing the wife's alleged paramour from being around the children; nothing in the record demonstrates a need to prevent the wife from being alone with the children out of concern for their safety. A less severe restriction on the wife's visitation, such as one requiring that the paramour not be present during visitation, would accomplish the result the trial court seeks and still allow the wife to exercise her visitation in a more normal and flexible manner. We have reversed restrictions on visitation that were considered more severe than necessary to protect the best interests of the children. Smith v. Smith, 887 So.2d at 264 (reversing a visitation restriction preventing any guests of the opposite sex unrelated by blood or marriage from being present during any period of overnight visitation when both parents lived with members of their respective extended family); and Smith v.Smith, 599 So.2d 1182, 1187 (Ala.Civ.App. 1991) (reversing a visitation restriction preventing the mother from allowing any male to whom she was not married or immediately related to be in her residence during visitation periods as being overly restrictive). Thus, I conclude that the trial court's judgment, insofar as it requires that the wife's visitation be supervised, is too restrictive and should be reversed on that basis.