MOORE, Judge,
dissenting.
Jeffery Maudsley (“the father”) appeals from a divorce judgment entered by the Etowah Circuit Court (“the trial court”) to the extent that it restricts him from consuming alcohol during his visitation periods with the children of his marriage to Lisa Maudsley (“the mother”). A majority of this court, in a no-opinion order of affir-mance, affirms the trial court’s judgment, citing Smith v. Smith, 887 So.2d 257 (Ala.Civ.App.2008).
The mother filed a complaint for a divorce against the father on May 20, 2009. At trial, on June 1, 2010, the mother testified that she disapproved of the father’s holding “parties” at his home at which he and his friends consumed alcoholic beverages. The mother requested that the trial court include a provision in its judgment prohibiting the father from consuming any alcoholic beverages during his periods of visitation with the parties’ children. The father testified that, during the marriage, he and the children had frequently attended barbecues with his friends at which the father and his friends would drink a few beers, but, he stated, they never drank to the point of intoxication. The mother does not drink alcohol because of either an aversion to or an allergy to the substance, and, although she initially attended the barbecues with the father and the children, she eventually quit going altogether, after which the father drove the children to and from those gatherings without incident. The father testified that, after the parties had separated, he started holding the barbecues at his home. The father denied having any alcohol problem or any family history of alcohol abuse, and he indicated that he had never been arrested for an alcohol-related offense. The father testified that he did not want or need the alcohol-consumption restriction but that he would abide by such a restriction if it was ordered by the trial court.
The trial court entered a judgment on June 2, 2010, that, among other things, enjoined the parties from “using alcohol during custodial periods.” On June 18, 2010, the father filed a motion to alter, amend, or vacate the judgment, requesting, among other things, that the trial court vacate or modify the alcohol-consumption restriction. On August 11, 2010, the trial court entered an order modifying certain portions of the divorce judgment, but it declined to modify or vacate the restriction on the consumption of alcohol. After other postjudgment proceedings, which are irrelevant to this appeal, the father timely appealed to this court.
I agree with the father that the record contains no evidence indicating that his use of alcohol during his visitation periods with the children has had any detrimental effect on the children or has placed them at risk of any harm. Before this court’s opinion in Smith, supra, this court had consistently held that a parent cannot be enjoined from engaging in a lawful adult activity absent evidence indicating that the activity subjected a child to an undue risk of harm. See, e.g., Jones v. Haraway, 537 So.2d 946, 947 (Ala.Civ.App.1988) (holding that, to support a restriction on visitation because of father’s “indiscreet” behavior in living with his girlfriend out of wedlock, the custodial parent must present evidence proving that the misconduct has had a “substantial detrimental effect” on the child at issue). Applying that reasoning, this court, in Andrews v. Andrews, 520 So.2d 512 (Ala.Civ.App.1987), upheld an alcohol-consumption ban based on specific evidence indicating that the consumption of alcoholic beverages by the father in that case had endangered and would continue to endanger the children. On the other hand, in Mann v. Mann, 725 So.2d 989 *28 (Ala.Civ.App.1998), this court reversed a judgment requiring supervised visitation because there was no evidence indicating that the noncustodial parent’s use of alcohol had “ever posed a danger to the children” or that the noncustodial parent had been arrested for any alcohol-related conduct. 725 So.2d at 992.
In Smith, supra, this court, for reasons not stated in the opinion, totally abandoned the rationale of Andrews and Mann by holding that a trial court can impose an alcohol-consumption ban on parents if it decides that such a ban is in the best interests of the child, regardless of the lack of any evidence indicating that the parents had exposed, or likely would expose, the child to harm as the result of their consumption of alcohol. 887 So.2d at 265. I find the holding in Smith to be totally inconsistent with not only Andrews and Mann, but the entire thrust of Alabama’s visitation law regarding the regulation of lawful adult activity in divorce judgments. Quite simply, I believe that a divorce court does not have the power to enjoin a parent from engaging in a lawful adult activity absent concrete evidence indicating that the child at issue necessarily will be harmed without the injunction. Thus, I agree with the vast majority of jurisdictions that hold that an alcohol-consumption ban cannot be upheld without evidence of real detriment to the child. See, e.g., Mariscal v. Watkins, 914 P.2d 219 (Alaska 1996) (holding that prohibition on the consumption of alcohol by the mother when the child is in the mother’s custody, as well as prohibition on the mother’s driving with the child in a vehicle within 12 hours after the mother consumed alcohol, were unreasonably burdensome and were insufficiently related to the child’s best interests because the trial court had not received any evidence indicating that the mother abused alcohol); and In re Marriage of Finer, 920 P.2d 325 (Colo.App.1996) (holding that trial court had abused its discretion in prohibiting the parents from drinking alcoholic beverages in the presence of the child when neither party abused alcohol).
Although the father in this case did not expressly request that this court overrule Smith, the father did argue that an alcohol-consumption ban should only be upheld based on evidence indicating that the consumption of alcohol would unduly endanger the children, which is contrary to the holding in Smith. Thus, the father has at least impliedly asked this court to overrule Smith, a request which I believe the court should grant. Because a majority of the court disagrees, I respectfully dissent.
PITTMAN, J., concurs.